THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4874
Fax: (619) 531-6005
E-mail: ricky.sanchez@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and William Gore

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50,<br><br>Defendants. | No. 14-cv-2170-WQH (BLM)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT<br><br>Date: December 15, 2014<br>Time: 11:00 a.m.<br>Courtroom: 14B (annex)<br>Hon. William Q. Hayes<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## INTRODUCTION

Bernard Victorianne, age 28, died in his cell one week after he was booked into the San Diego Central jail. The complaint alleges that during his arrest, Victorianne was seen to swallow a baggie of drugs and so was taken to Alvarado Hospital where he was then discharged for booking into jail. The complaint alleges he died because of the failure to treat him for a methamphetamine over dose. Only section 1983 civil rights claims are alleged. The only named defendants in the complaint are the County of San Diego and Sheriff William Gore in his official capacity. (Cmplt. ¶ 6, 7, 8.) There are no allegations that Sheriff Gore knew of or had any interaction with Victorianne when he

1  was in custody.  A municipal federal civil rights claim against the County and Sheriff
2  alleges Victorianne was denied medical care by deliberately indifferent policies, customs
3  and practices of failure to train (4th c/a), failure to supervise and discipline (5th c/a),
4  failure to properly investigate misconduct (6th c/a), and failure to provide adequate
5  medical staffing and staff medical training (7th c/a).  The first, second and third causes of
6  action are directed at fictitiously named jail staff who may have contacted Victorianne
7  and allegedly denied him medical care through deliberate indifference.  Sheriff Gore now
8  moves the court for an order dismissing him from the lawsuit because the claims against
9  the County and him in his official capacity are duplicative.

## BECAUSE THE CLAIMS AGAINST THE COUNTY AND SHERIFF IN HIS OFFICIAL CAPACITY ARE DUPLICATIVE, THE SHERIFF SHOULD BE DISMISSED FROM THIS LAWSUIT

13  A lawsuit against the Sheriff in his official capacity is but a lawsuit against the
14  County itself; it is therefore unnecessary to name as defendants both the entity and the
15  official capacity defendant.  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985);
16  *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).  Therefore there is but one proper
17  defendant in this lawsuit and that is the County of San Diego.
18  The complaint allegations make clear that this lawsuit was brought against Sheriff
19  Gore in his official capacity.  "'Official capacity suits generally represent only another
20  way of pleading an action against the entity of which the officer is an agent.' *Chew v.*
21  *Gates*, 27 F.3d 1432, 1446 n.15 (9th Cir. 1994) (citing *Kentucky v. Graham*, 473 U.S.
22  159, 165 (1985)), petition for cert. filed, 63 U.S.L.W. 3463 (U.S. Nov. 28, 1994) (No. 94-
23  980); see also *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 361-62 (1991). Thus, the
24  district court [would be] correct in dismissing the action [against the Sheriff] as
25  duplicative of the cause of action against the county. See *Id*." *Ponce v. Lloyd*, 46 F.3d
26  1144 (9th Cir. 1995).
27  It is proper to dismiss Sheriff Gore from this lawsuit because he is being
28  sued in his official capacity as opposed to individual capacity.  See *Rojas v.*

*Sonoma Cnty.*, No. C-11-1358 EMC, 2011 WL 5024551, at *2 (N.D. Cal. Oct. 21, 2011) [dismissal of Sheriff who was sued in his official capacity along with the County of Sonoma.]

> "In an official-capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a part in the federal law violation. In contrast, in a personal-capacity suit, the plaintiff is trying to place liability directly on the state officer for actions taken under the color of state law. *Hafer v. Melo*, 502 U.S. 21, 25–27, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991); *Brandon v. Holt*, 469 U.S. 464, 471–73, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). The Court follows other District Courts in holding that if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed. See e.g. *Carnell v. Grimm*, 872 F.Supp. 746 (D.Haw.1994)."

*Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

Because the government entity is the real party in interest in a municipal federal civil rights action, a plaintiff can no longer choose between naming the government entity or naming its official capacity officer as the defendant.

> "Following *Monell*, the Supreme Court first appeared to indicate a § 1983 plaintiff could proceed against a local government entity directly as a named defendant, or indirectly through an "official capacity" officer. *Brandon v. Holt*, 469 U.S. 464, 470–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). Later that year, however, the Supreme Court noted the *Monell* decision rendered official-capacity suits against local officers unnecessary:
>
>> There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, ..., local government units can be sued directly for damages and injunctive or declaratory relief.
>
> *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985).
>
> One circuit has interpreted this case as establishing the local government entity as the real party in interest. Unless a plaintiff intends to state a cause of action against a local government official in a personal capacity, the local government entity, not the official, should be named:

3

14-cv-2170-WQH (BLM)

> Because [the plaintiffs] sought to sue [the officer] in his official rather than personal capacity, the [local government entity], and not [the officer], was the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

*Rosa R. v. Connelly*, 889 F.2d 435, 437 (2nd Cir.1989).

> After the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees. A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant."

*Luke v. Abbott*, 954 F. Supp. 202, 203-204 (C.D. Cal. 1997)

Accordingly Sheriff William Gore should be dismissed from this lawsuit.

## THE COMPLAINT WHICH PURPORTS TO ASSERT CLAIMS BY THE ESTATE OF DECEDENT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 377.32

Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual to sue or be sued shall be determined by the law of the individual's domicile, or law of the state in which the court is located; which is California. Only a duly appointed estate representative or a successor in interest has standing to litigate a claim on behalf of a decedent. Cal. Code Civ. Proc. § 377.30; Cal. Prob. Code § 9820.

The complaint caption lists as a plaintiff the "Estate of Bernard Victorianne", and it is alleged that decedent's mother, Zelda Victorianne, is the personal representative of the Estate; yet the complaint also inconsistently alleges that decedent's mother, Zelda Victorianne, is proceeding as the decedent's successor in interest. Both cannot be accurate. The complaint does not indicate that Zelda Victorianne or anyone else was appointed as an estate representative in probate proceedings, and it does not appear that a successor in interest statement under Code of Civil Procedure section 377.32 was issued

at the initiation of this civil lawsuit.  Any person who seeks to commence an action as a decedent's successor in interest must file a declaration stating inter alia that no proceeding for the administration of the estate is pending and if the estate was administered then a copy of the order distributing the decedent's interest to the person must be provided, that the person is the successor in interest under California law and succeeds to the decedent's interest, and that there is no other person with a superior right to commence the action.  Cal. Code Civ. Proc. § 377.32.  Absent a probate order appointing an estate representative, there is no estate that can proceed as plaintiff and absent the statement from successor in interest, decedent's parent does not have apparent standing to bring an action on decedent's behalf.  Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication and is an issue properly brought as a motion to dismiss under Federal Rule of Civil Procedure, rule 12(b)(1).  *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010).  The complaint insofar as it purports to allege a claim on behalf of the estate of decedent Victorianne is thus defective and subject to dismissal.

## CONCLUSION

Sheriff Gore should be dismissed from this lawsuit because the claims against him in his official capacity are duplicative of the claims against the County.  The complaint should be dismissed for lack of standing as to the claims asserted on behalf of decedent's estate.

DATED: November 7, 2014          THOMAS E. MONTGOMERY, County Counsel

By: /s/ RICKY R. SANCHEZ, Senior Deputy
Attorneys for Defendant County of San Diego and William Gore