EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

R. STAN MORRIS
CARTEE & MORRIS, LLAC
2325 Henry Street
Guntersville, AL 35976
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>　　　　Plaintiffs,<br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50,<br><br>　　　　Defendants. | Case No. 14CV2170 WQH BLM<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>Date:  December 15, 2014<br>Time: 11:00 a.m.<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

# I.
# INTRODUCTION

On September 12, 2012, Bernard Victorianne was arrested for driving under the influence. Jail staff knew Bernard Victorianne had ingested drugs before being booked and was screaming that "something was burning his insides," but jail staff failed to provide him with medical care. According to Citizens' Law Enforcement Review Board (CLERB) findings, jail staff failed to monitor Bernard, locking him up in administrative segregation; left him to die in his cell; lied about their conduct during the investigation; and failed to properly investigate Bernard's death.

There had been a history of troubling deaths in the San Diego jails and a pattern of inadequate and improper investigations of misconduct. After Bernard's death, the Sheriff's Department failed to let Bernard's parents know the circumstances surrounding his death. Zelda and Bernard Victorianne II discovered the facts of this case from the Citizens' Law Enforcement Review Board's findings and recommendations nearly two years after his death.

In the original complaint filed on September 11, 2014, the estate of Bernard Victorianne and Bernard's parents alleged Section 1983 causes of action against Doe defendants, Sheriff William Gore and the County of San Diego. Defendants bring a Motion to Dismiss, alleging that the Complaint against William Gore is based on his official capacity and that Zelma Victorianne lacks capacity to bring a suit on behalf of the Estate of Bernard Victorianne.

**WILLIAM GORE IS SUED IN HIS INDIVIDUAL CAPACITY**

"Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Price v. Akaka,* 928 F.2d 824, 828 (9th Cir.1990), *cert. denied,* 502 U.S. 967, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991). "Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." *Shoshone*

1

*Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994).

This is a suit for damages against Defendant Gore.  It is presumed to be an action against Gore in his individual capacity.  Plaintiffs previously filed an *ex parte* motion to file an Amended Complaint. [Docket No. 9] If the motion to amend is granted, Plaintiffs will file a First Amended Complaint that makes explicit in the Caption that Defendant Gore is sued in his individual capacity. Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss and allow the filing of the FAC.  A new proposed FAC addressing all of Defendants' concerns is hereby attached as Exhibit A.[1]

**PLAINTIFFS PROPERLY MOVED FOR APPOINTMENT OF ZELDA VICTORIANNE AS THE SUCCESSOR-IN-INTEREST**

Defendants argue that Zelda Victorianne does not have standing to bring a claim on behalf of the Estate.  Defendants were properly served with the Plaintiffs' motion to appoint Zelda Victorianne as the successor-in-interest to the Estate of Bernard Victorianne [Docket No.11] and the declaration of Zelda Victorianne [Docket No. 11.1]  To the extent that it is not clear that the Estate is being represented by Zelda Victorianne as the successor-in-interest, that will be made explicit in the Plaintiffs' FAC. Per this Court's Order, Defendants have until November 20, 2014 to oppose the motion regarding the successor in interest.  If the Court grants the motion to appoint Zelda Victorianne, Defendants' argument is moot.  If the Court denies the Plaintiffs' motion, those causes of action would be stricken.  Therefore,  this Motion to Dismiss is duplicative and premature.

---

[1] Plaintiffs will withdraw the proposed FAC filed with the Court as Docket No. 9.1 and replace it with the amended FAC attached herein as Exhibit A.

1 **CONCLUSION**

2     William Gore is sued in his individual capacity and this Court has not yet ruled on Plaintiffs' motion to appoint Zelda Victorianne as the successor-in-interest to the Estate of Bernard Victorianne. The filing the of FAC, attached herein as Exhibit A, addresses all of the concerns raised by Defendants. Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

DATED: November 7, 2014        Respectfully submitted,

                                    /s/ *Julia Yoo*
                                    JULIA YOO
                                    Attorney for Plaintiffs

3