EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

R. STAN MORRIS
CARTEE & MORRIS, LLC
2325 Henry Street
Guntersville, AL 35976

Attorneys for Plaintiffs, the Estate of Bernard Victorianne, Bernard Victorianne II, and Zelda Victorianne

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (Hon. William Q. Hayes)

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE, <br><br> Plaintiffs, <br> v. <br><br> COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50, <br><br><br><br> Defendants. | CASE NO. 14-cv-02170-WQH-BLM <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO APPLICATION FOR ORDER APPOINTING ZELDA VICTORIANNE AS SUCCESSOR IN INTEREST TO THE ESTATE OF BERNARD VICTORIANNE** |

1    Plaintiff Zelda Victorianne has filed an affidavit with this Court that
2  complies with all requirements of Cal. Civ. Proc. § 377.32.  Because decedent
3  Bernard Victorianne's §1983 and tort causes of action pass to his Estate, and
4  because Ms. Victorianne has properly filed an affidavit pursuant to Cal. Civ. Proc.
5  § 377.32, Plaintiffs respectfully request that this Court recognize Ms. Victorianne
6  as the successor-in-interest to the Estate of Bernard Victorianne.

7    Defendants concede that decedent's claims and causes of action survive his
8  death.  Defs. Opp. at 2 (ECF no. 20).  They further concede that the Estate of
9  Bernard Victorianne's action may be commenced by the decedent's personal
10  representative or successor-in-interest.  *Id*.  But they conclude that "there is
11  nothing in (CCP) section 337.32 that suggests the affidavit will serve as a
12  substitute for an adequate pleading of the successor's title to the cause of action."
13  *Id*. at 3.  Defendants then assert that a personal representative must be appointed by
14  the state court in a probate proceeding.  *Id*. at 4.  Both California law and Ninth
15  Circuit precedent undermine Defendants' claims.

16    In *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1093 (9th Cir.
17  2006), the Ninth Circuit noted that decedent's mother had properly asserted § 1983
18  and tort claims on behalf of the decedent as the decedent's successor in interest.
19  The Court stated:

> A claim under 42 U.S.C. § 1983 survives the decedent if
> the claim accrued before the decedent's death, and if state
> law authorizes a survival action. *See* 42 U.S.C. § 1988(a);
> *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d
> 365, 369 (9th Cir.1998). Under California law, if an
> injury giving rise to liability occurs before a decedent's
> death, then the claim survives to the decedent's estate.
> *See* Cal. Civ. P.Code § 377.30. Where there is no
> personal representative for the estate, the decedent's
> "successor in interest" may prosecute the survival action
> if the person purporting to act as successor in interest
> satisfies the requirements of California law, which Tatum
> did here. *See* Cal. Civ. P.Code §§ 377.30, 377.32.

*Id.* at 1093 n.2.  *See also Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (finding plaintiff did not make a sufficient showing of standing to assert survival claims in a § 1983 suit where there was no evidence that plaintiff "had filed the affidavit necessary under California law to commence a survival action as a decedent's successor in interest, *see* Cal.Civ.Proc.Code § 377.32").

As the *Tatum* court observed, California law permits a successor-in-interest to prosecute the survival action where there is no personal representative.  *See* Cal. Civ. Proc. § 377.30.   The person seeking to commence an action as decedent's successor-in-interest must file an affidavit or declaration under penalty of perjury, which fulfill all requirements set forth in Cal. Civ. Proc. § 377.32.  Neither the plain language of Cal. Civ. Proc. §§ 377.30 and 377.32, nor any Ninth Circuit precedent, require Plaintiffs to initiate probate proceedings to formally appoint Zelda Victorianne as a personal representative in order to prosecute the instant action.  Defendants have not cited any authority in support of this assertion. Commencement of formal probate proceedings for the sole purpose of appointing Ms. Victorianne as a personal representative is not required and would only serve to substantially delay proceedings in the instant case.

As set forth in the death certificate of Bernard J. Victorianne (ECF no. 11-2), Mr. Victorianne was unmarried at the time of his death.  Decedent died without children.  Zelda Victorianne's affidavit states that no proceeding is pending in California regarding the administration of Bernard J. Victorianne's estate.  (ECF no. 11-1).  Ms. Victorianne has complied with all requirements of section 377.32.

///
///
///
///
///
///

1    Based on the foregoing, Plaintiffs respectfully request that this Court

2  recognize Ms. Victorianne as the successor-in-interest to the Estate of Bernard

3  Victorianne.

4                              Respectfully submitted,

5

6  Dated: November 26, 2014          s/ Grace Jun

7                              EUGENE G. IREDALE
                               JULIA YOO
8                              GRACE JUN
                               *Attorneys for PLAINTIFFS*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28