# EXHIBIT A

THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By DAVID L. BRODIE, Senior Deputy (SBN 156855)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-4871
Facsimile: (619) 531-6005
E-mail: david.brodie@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Mark Alvarado, Greg Barnett,
     William Gore, Douglas Morse, Elizabeth Palmer, Rosa Patron, Randall Ribada,
     and Colin Snodgrass

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE D. LACY, | No. 12cv0624-MMA(JMA) |
| Plaintiff, | **DEFENDANT COUNTY OF SAN DIEGO'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| COUNTY OF SAN DIEGO, et al. | **[SET ONE]** |
| Defendants. | |

PROPOUNDING PARTY:    LEE LACY, Plaintiff

RESPONDING PARTY:    COUNTY OF SAN DIEGO, Defendant

SET NO.:    ONE

    **NOTE**: Although the requests for production refer to the date of November 14, 2010, Defendants' understanding is the INCIDENT occurred on November 4, 2010, and Defendants will respond to the requests with this understanding.

REQUEST FOR PRODUCTION NO. 1:

    The entire Internal Affairs report regarding the INCIDENT.

RESPONSE TO NO. 1:

    Objection: Vague and ambiguous as to the meaning of the word "report" in this context.  Vague and ambiguous as to which individual this request refers to.  Overbroad and unduly burdensome without any reasonable limitation in scope.  In addition, this

1  request is objectionable because it may seek confidential internal affairs investigations

2  and information pertaining to remedial measures taken as a result of investigations; non-

3  discoverable and inadmissible information pertaining to disciplinary recommendations;

4  disclosure of privileged information pertaining to Defendant's right of self-critical

5  analysis; and/or disclosure of training, personnel and similar files.  This request also

6  constitutes an invasion of personal privacy and seeks material protected from disclosure

7  by the California Peace Officers Bill of Rights.  See Cal. Pen. Code §§ 832.5, 832.7, and

8  832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*, (D.Hi. 1990)

9  133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d 1408; *City of*

10  *San Jose v. Superior Court*, 5 Cal. 4th 47, 57 (1993); *Segura v. City of Reno*, (D.Nev.

11  1987) 116 F.R.D. 42.

12  REQUEST FOR PRODUCTION NO.2:

13       All DOCUMENTS relating to, referring to, or describing the training, performance

14  or evaluation of DEFENDANTS PALMER, RIBADA, PATRON, SNODGRASS,

15  ALVARADO and MORSE from the time of their initial application for employment with

16  the DEPARTMENT to and including the present.

17  RESPONSE TO NO. 2:

18       Objection: Vague and ambiguous as to the meaning of the phrases "relating to,

19  referring to, or describing" in this context.  Vague and ambiguous as to the meaning of

20  the words "performance or evaluation" in this context.  Overbroad and unduly

21  burdensome without any reasonable limitation in scope.  In addition, this request is

22  objectionable because it may seek confidential internal affairs investigations and

23  information pertaining to remedial measures taken as a result of investigations; non-

24  discoverable and inadmissible information pertaining to disciplinary recommendations;

25  disclosure of privileged information pertaining to Defendant's right of self-critical

26  analysis; and/or disclosure of training, personnel and similar files.  This request also

27  constitutes an invasion of personal privacy and seeks material protected from disclosure

28  by the California Peace Officers Bill of Rights.  See Cal. Pen. Code §§ 832.5, 832.7, and

1  832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*, (D.Hi. 1990)

2  133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d 1408; *City of*

3  *San Jose v. Superior Court*, 5 Cal.4th 47, 57 (1993); *Segura v. City of Reno*, (D.Nev.

4  1987) 116 F.R.D. 42.

5  REQUEST FOR PRODUCTION NO. 3:

6      Any and all applications for employment, background check reports, evaluations,

7  computer voice stress analysis reports, psychological evaluations, MMPI tests and results

8  for Defendants PALMER, RIBADA, PATRON, SNODGRASS, ALVARADO and

9  MORSE.

10  RESPONSE TO NO. 3:

11      Objection: Overbroad and unduly burdensome without any reasonable limitation in

12  scope.  In addition, this request is objectionable because it may seek confidential internal

13  affairs investigations and information pertaining to remedial measures taken as a result of

14  investigations; non-discoverable and inadmissible information pertaining to disciplinary

15  recommendations; disclosure of privileged information pertaining to Defendant's right of

16  self-critical analysis; and/or disclosure of training, personnel and similar files.  This

17  request also constitutes an invasion of personal privacy and seeks material protected from

18  disclosure by the California Peace Officers Bill of Rights.  See Cal. Pen. Code §§ 832.5,

19  832.7, and 832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*,

20  (D.Hi. 1990) 133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d

21  1408; *City of San Jose v. Superior Court*, 5 Cal. 4th 47, 57 (1993); *Segura v. City of*

22  *Reno*, (D.Nev. 1987) 116 F.R.D. 42.

23  REQUEST FOR PRODUCTION NO. 4:

24      Any and all documents related to complaints, including citizen complaints, and

25  Internal Affairs investigations regarding PALMER, RIBADA, PATRON, SNODGRASS,

26  ALVARADO and MORSE.

27  ///

28  ///

- 3 -

1  RESPONSE TO NO. 4:

2      Objection: Vague and ambiguous as to the meaning of the phrase "relating to" in

3  this context.  Overbroad and unduly burdensome without any reasonable limitation in

4  scope.  In addition, this request is objectionable because it may seek confidential internal

5  affairs investigations and information pertaining to remedial measures taken as a result of

6  investigations; non-discoverable and inadmissible information pertaining to disciplinary

7  recommendations; disclosure of privileged information pertaining to Defendant's right of

8  self-critical analysis; and/or disclosure of training, personnel and similar files.  This

9  request also constitutes an invasion of personal privacy and seeks material protected from

10  disclosure by the California Peace Officers Bill of Rights.  See Cal. Pen. Code §§ 832.5,

11  832.7, and 832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*,

12  (D.Hi. 1990) 133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d

13  1408; *City of San Jose v. Superior Court*, 5 Cal. 4th 47, 57 (1993); *Segura v. City of*

14  *Reno*, (D.Nev. 1987) 116 F.R.D. 42.

15  REQUEST FOR PRODUCTION NO. 5:

16      All written or recorded statements and/or reports in YOUR possession, custody or

17  control regarding the INCIDENT.

18  RESPONSE TO NO. 5:

19      Objection.  This request calls for speculation, calls for legal conclusion, and is

20  vague and ambiguous as to the meaning of the word "regarding" and the phrase "written

21  or recorded statements."  However, without waiving the objection(s), Defendant responds

22  as follows:  The deputies' reports concerning the INCIDENT will be produced.

23  REQUEST FOR PRODUCTION NO. 6:

24      All audio tapes and videotapes in your possession, custody or control of the

25  INCIDENT.

26  ///

27  ///

28  ///

- 4 -

1  RESPONSE TO NO. 6:

2      Objection.  Vague and ambiguous as to the meaning of the phrase "of the

3  INCIDENT."  However, without waiving the objection(s), Defendant responds as

4  follows: A videotape of the INCIDENT will be produced.

5  REQUEST FOR PRODUCTION NO. 7:

6      All documents in YOUR possession, custody or control regarding injuries

7  sustained by the Plaintiff.

8  RESPONSE TO NO. 7:

9      Objection.  Vague and ambiguous as to the meaning of the phrase "regarding

10 injuries" in this context.  However, without waiving the objection(s), Defendant responds

11 as follows:  San Diego's medical records of Plaintiff will be produced.

12 REQUEST FOR PRODUCTION NO. 8:

13     All DOCUMENTS, reports (including other Internal Affairs reports), complaints

14 or other documents received, filed, pending, completed or in other status, concerning all

15 officers within the DEPARTMENT, alleging, relating or referring to their improper use

16 of unnecessary force, excessive force, aggressive conduct, or improper arrest  procedures,

17 or other complaints, from November 2007 to November 14, 2010.

18 RESPONSE TO NO.  8:

19     Objection: Immaterial and irrelevant, and not likely to lead to any relevant or

20 admissible evidence.  Vague and ambiguous as to the meaning of the words "aggressive

21 conduct."  Overbroad and unduly burdensome without any reasonable limitation in scope.

22 In addition, this request is objectionable because it may seek confidential internal affairs

23 investigations and information pertaining to remedial measures taken as a result of

24 investigations; non-discoverable and inadmissible information pertaining to disciplinary

25 recommendations; disclosure of privileged information pertaining to Defendant's right of

26 self-critical analysis; and/or disclosure of training, personnel and similar files.  This

27 request also constitutes an invasion of personal privacy and seeks material protected from

28 disclosure by the California Peace Officers Bill of Rights.  See Cal. Pen. Code §§ 832.5,

1    832.7, and 832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*,

2    (D.Hi. 1990) 133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d

3    1408; *City of San Jose v. Superior Court*, 5 Cal. 4th 47, 57 (1993); *Segura v. City of*

4    *Reno*, (D.Nev. 1987) 116 F.R.D. 42.

5    REQUEST FOR PRODUCTION NO. 9:

6           Any and all compilations of numbers of citizen complaints, investigations thereof,

7    and the outcomes including discipline imposed from November 2007 to the present with

8    respect to any San Diego County Sheriffs Deputy.

9    RESPONSE TO NO. 10:

10          Objection: Vague and ambiguous as to the meaning of the phrase "compilations of

11   numbers." Immaterial and irrelevant, and not likely to lead to any relevant or admissible

12   evidence. Overbroad and unduly burdensome without any reasonable limitation in scope.

13   In addition, this request is objectionable because it may seek confidential internal affairs

14   investigations and information pertaining to remedial measures taken as a result of

15   investigations; non-discoverable and inadmissible information pertaining to disciplinary

16   recommendations; disclosure of privileged information pertaining to defendant's right of

17   self-critical analysis; and/or disclosure of training, personnel and similar files. This

18   request also constitutes an invasion of personal privacy and seeks material protected from

19   disclosure by the California Peace Officers Bill of Rights. See Cal. Pen. Code §§ 832.5,

20   832.7, and 832.8; Fed. R. Evid. 403, 407; *Dowling v. American Hawaii Cruises, Inc.*,

21   (D.Hi. 1990) 133 F.R.D. 150; *Maddox v. City of Los Angeles*, (9th Cir. 1986) 792 F.2d

22   1408; *City of San Jose v. Superior Court*, 5 Cal. 4th 47, 57 (1993); *Segura v. City of*

23   *Reno*, (D.Nev. 1987) 116 F.R.D. 42.

24   REQUEST FOR PRODUCTION NO 10:

25          All DOCUMENTS related to the use of force policy of the DEPARTMENT in

26   effect on November 14, 2010.

27   ///

28   ///

1    RESPONSE TO NO. 10:

2         Objection.  Vague and ambiguous as to the meaning of the phrase "related to" in

3    this context.  Overbroad and unduly burdensome without any limitation as to scope.

4    However, without waiving the objection(s), Defendant responds as follows: The

5    following San Diego County Sheriff's Department policies and procedures will be

6    produced:

7         1.    Addendum Section F, Use of Force Guidelines.

8         2.    Procedure Section 2.49 – Use of Force.

9         3.    Policy Section 8.1 – Use of Firearms/Deadly Force.

10        4.    Procedure Section 8.1 – Use of Firearms/Deadly Force.

11   DATED:  12/18/12          THOMAS E. MONTGOMERY, County Counsel

12
                              By
13                               /DAVID L. BRODIE, Senior Deputy
                              Attorneys for Defendants County of San Diego,
14                            Mark Alvarado, Greg Barnett, William Gore,
                              Douglas Morse, Elizabeth Palmer, Rosa Patron,
15                            Randall Ribada, and Colin Snodgrass

16

17

18

19

20

21

22

23

24

25

26

27

28