UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50, <br><br> Defendants. | CASE NO. 14cv2170-WQH-BLM <br><br> Order |
|---|---|

HAYES, Judge:

The matter before the Court is Plaintiffs' Ex Parte Motion to Appoint Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 11).

## I. BACKGROUND

On September 11, 2014, Plaintiffs The Estate of Bernard Victorianne by and through its successor-in-interest Zelda Victorianne, Bernard Victorianne II, and Zelda Victorianne initiated this action by filing the Complaint against Defendants County of San Diego, William Gore. (ECF No. 1). Plaintiffs' Complaint alleges seven causes of action including: (1) deliberate indifference to serious medical needs; (2) wrongful death; (3) right of association; (4) failure to properly train; (5) failure to properly supervise and discipline; (6) failure to properly investigate; and (7) *Monell* municipal

liability civil rights action. (ECF No. 1).

On November 4, 2014, Plaintiffs filed the Ex Parte Motion to Appoint Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 11). On November 20, 2014, Defendants filed an opposition. (ECF No. 20). On November 26, 2014, Plaintiffs filed a reply. (ECF No. 26).

## II.    CONTENTIONS OF PARTIES

Defendants contend that Zelda Victorianne is not the personal representative of the decedent or administrator of decedent's estate. Defendants contend that she attests in her affidavit in support of her request to be designated as the successor in interest that there have been no estate administration proceedings, and thus she could not have been appointed as decedent's or estate representative.

Defendants further contend that neither the complaint nor the ex parte application indicate whether decedent died intestate, without children, a spouse or domestic partner; all of which bear on identifying the people to whom a surviving cause of action devolves. Defendants contend that assuming the decedent died intestate, without children, spouse, or domestic partner, and using the complaint allegations as a reference, Zelda Victorianne would not be the only person to whom the decedent's assets, in this instance the survival cause of action, would devolve. Defendants contend that the asset also passes to Bernard Victorianne, II, decedent's father. (Cal. Prob. Code § 6402(b).)

Plaintiff Zelda Victorianne contends that because decedent's estate was not administered, a final order showing the distribution is not required. Plaintiff Zelda Victorianne further contends that, as set forth in the death certificate of decedent (ECF No. 11-2), decedent was unmarried at the time of his death and died without children. Plaintiff Zelda Victorianne contends that she has complied with all requirements of Cal. Civ. Proc. Code section 377.32 to commence a survival action a decedent's successor in interest.

## III. RULING OF COURT

In actions pursuant to 42 U.S.C. § 1983, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). *See also* Fed. R. Civ. P 17(b) ("[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held."). Under California law, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. §377.30.

### A. Personal Representative

"[A] personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir, ... and ... a personal representative must be a person empowered by law to administer the decedent's estate." *Hassanati v. Int'l Lease Fin. Corp.*, 2014 WL 5032354, at *16 (C.D. Cal. Feb. 18, 2014). Plaintiff fails to provide evidence that she is a court-appointed executor or administrator of the estate. Plaintiff's affidavit states that "[n]o proceeding is now pending in California for administration of the decedent's estate. (ECF No. 11-1 at 2). Because Plaintiff Zelda Victorianne fails to demonstrate that she is a court-appointed executor or administrator of the estate, and her affidavit states that no proceeding is pending for administration of the decedent's estate, the Court finds that Plaintiff Zelda Victorianne fails to adequately allege that she is decedent's personal representative.

### B. Successor In Interest

Because Plaintiff Zelda Victorianne has failed to allege adequate facts to show

that she is decedent's personal representative, Plaintiff must establish that she is the successor in interest. *See* Cal. Civ. Proc. § 377.30 ("A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."); *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as 'successor in interest' satisfies the requirements of California law...").

In California, the person who seeks to commence an action as the decedent's successor in interest is required to execute and file an affidavit or declaration under penalty of perjury, stating: "(1) the decedent's name. (2) The date and place of decedent's death. (3) 'No proceeding is now pending in California for the administration of the decedent's estate.' (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. (5) Either of the following, as appropriate, with facts in support thereof: (A) 'The affiant or declarant is the decedent's successor in interest ... and succeeds to the decedent's interest in the action or proceeding.' (B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest ... with respect to the decedent's interest in the action or proceeding.' (6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.' (7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.'" Cal. Civ. Proc. Code § 377.32(a).

"Successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc.§ 377.11.

"Beneficiary of the decedent's estate" means "[i]f the decedent died leaving a

will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will," or "[i]f the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action..." Cal. Civ. Proc. § 377.10(a), (b).

Plaintiff Zelda Victorianne's affidavit states:

I, ZELDA VICTORIANNE, declare as follows:

1. I am over the age of eighteen and I reside in Costa Mesa, California. If called to testify to the matters set forth herein, I could and would testify to these matters based on my own personal knowledge.

2. The decedent is my son Bernard Victorianne.

3. Bernard Victorianne died in the city and county of San Diego, California, on September 19, 2012.

4. No proceeding is now pending in California for administration of the decedent's estate.

5. A copy of the death certificate is attached hereto as Exhibit 1.

6. Your declarant is the decedent's successor in interest and succeeds to the decedent's interest in this action.

7. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

I declare under the penalty of perjury that the foregoing is true and correct. (ECF No. 11-1, Exh. A).

Plaintiff Zelda Victorianne's affidavit provides no facts in support of her assertion that she is the decedent's successor in interest and succeeds to the decedents interest in this action, as required by California law. *See* Cal. Civ. Proc. Code § 377.32(a) ("The person who seeks to commence an action or proceeding … shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating … (5) Either of the following, as appropriate, with facts in support thereof: (A) 'The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.' (B) 'The affiant or declarant is

authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.'"); *see also Dillard v. Curtis*, No. C 04-1449 PJH, 2004 WL 2496130, at *8 (N.D. Cal. Nov. 3, 2004) ("Here, plaintiffs have provided no support for their claim that David is Jerry's successor in interest, or that he has the legal right to commence or continue this action on Jerry's behalf."). The evidence shows that decedent was unmarried at the time of his death and died without children (*See* ECF No 11-2, Exh, B.), but provides no evidence of whether decedent died intestate or leaving a valid will.

The Court cannot determine whether the decedent died intestate or leaving a valid will and ultimately whether Plaintiff Zelda Victorianne is the sole beneficiary, which is necessary to determine whether Plaintiff Zelda Victorianne is the decedent's successor in interest. *See* Cal. Civ. Proc.§§ 377.11, 377.10(a), (b). The Court denies Plaintiff's application for order appointing Zelda Victorianne as successor in interest to the estate of Bernard Victorianne. *See* Cal. Civ. Proc. §377.30 ("[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.").

### III. CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Application for Order Appointing Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne is DENIED without prejudice.  (ECF No. 12).

DATED: December 16, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge