# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>                Plaintiffs,<br>vs.<br>COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50,<br>                Defendants. | CASE NO. 14cv2170-WQH-BLM<br><br>Order |

HAYES, Judge:

The matter before the Court is Plaintiffs' Ex Parte Motion to Appoint Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 32).

## I. BACKGROUND

On September 11, 2014, Plaintiffs The Estate of Bernard Victorianne by and through its successor-in-interest Zelda Victorianne, Bernard Victorianne II, and Zelda Victorianne initiated this action by filing the Complaint against Defendants County of San Diego, William Gore. (ECF No. 1). Plaintiffs' Complaint alleges seven causes of action including: (1) deliberate indifference to serious medical needs; (2) wrongful death; (3) right of association; (4) failure to properly train; (5) failure to properly supervise and discipline; (6) failure to properly investigate; and (7) *Monell* municipal

liability civil rights action. (ECF No. 1).

On November 4, 2014, Plaintiffs filed the Ex Parte Motion to Appoint Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 11). On December 16, 2014, the Court issued an Order denying Plaintiffs' Ex Parte Motion to Appoint Zelda Victorianne as Sucessor in Interest to the Estate of Bernard Victorianne because "[t]he Court cannot determine whether the decedent died intestate or leaving a valid will and ultimately whether Plaintiff Zelda Victorianne is the sole beneficiary, which is necessary to determine whether Plaintiff Zelda Victorianne is the decedent's successor in interest." (ECF No. 29 at 6).

On December 19, 2014, Plaintiffs filed the Ex Parte Motion for Order Appointing Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 32). On January 16, 2014, Defendants filed a non-opposition to Plaintiffs' Ex Parte Motion for Order Appointing Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne. (ECF No. 34).

**II.   RULING OF COURT**

In actions pursuant to 42 U.S.C. § 1983, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). *See also* Fed. R. Civ. P 17(b) ("[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held."). Under California law, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. §377.30.

### A. Successor In Interest

In California, the person who seeks to commence an action as the decedent's successor in interest is required to execute and file an affidavit or declaration under penalty of perjury, stating:

> (1) the decedent's name. (2) The date and place of decedent's death. (3) "No proceeding is now pending in California for the administration of the decedent's estate." (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. (5) Either of the following, as appropriate, with facts in support thereof: (A) "The affiant or declarant is the decedent's successor in interest ... and succeeds to the decedent's interest in the action or proceeding." (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest ... with respect to the decedent's interest in the action or proceeding." (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Civ. Proc. Code § 377.32(a).

"Successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc.§ 377.11.

"Beneficiary of the decedent's estate" means "[i]f the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will," or "[i]f the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action..." Cal. Civ. Proc. § 377.10(a), (b).

Plaintiff Zelda Victorianne's affidavit states:

I, ZELDA VICTORIANNE, being duly sworn, hereby declare:

...

2. The decedent is my son, Bernard Victorianne.

3. My son BJ died in the city and county of San Diego, California on September 19, 2012. He was 28 years old.

4. A true and correct copy of BJ's death certificate is attached as Exhibit C.

> 5. At the time of his death, my son was not married and had no children. He did not leave behind any will. He did not leave any testamentary instrument or other written document designating any beneficiary or making any donative transfer of property. BJ died intestate.
>
> 6. Because my son BJ did not leave behind any will or other testamentary instrument, there is no probate proceeding pending in California for the administration of his estate.
>
> 7. BJ's father, Bernard Victorianne III, has informed me that he wishes me to act as the successor-in-interest to the Estate of Bernard Victorianne in this action.
>
> 8. No proceeding is now pending in California for administration of the decedent's estate.
>
> 9. Your declarant is the decedent's successor in interest and succeeds to the decedent's interest in this action.
>
> 10. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.
>
> I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of December, 2014 in Costa Mesa, California.

(ECF No. 32-1, Exh. A).

Plaintiff Bernard Victorianne III's affidavit states that "I believe that BJ's mother, Zelda Victorianne, should act as successor-in interest to the Estate of Bernard Victorianne in this action. It is my desire that Zelda be appointed as the successor-in-interest." (ECF No. 32-2, Exh. B). The Court finds that Plaintiff Zelda Victorianne has adequately established that she is the decedent's successor in interest. *See* Cal. Civ. Proc.§§ 377.11, 377.10(a), (b).

### III. CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Application for Order Appointing Zelda Victorianne as Successor in Interest to the Estate of Bernard Victorianne is GRANTED. (ECF No. 32).

DATED: January 21, 2015

**WILLIAM Q. HAYES**
United States District Judge