1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13

| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE, | CASE NO. 14cv2170-WQH-BLM |
| --- | --- |

ORDER

14

Plaintiffs,

vs.

15
16
17

COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 through 50,

Defendants.

18

HAYES, Judge:

19
20

The matters before the Court are the Motion to Amend the Complaint (ECF NO. 18) filed by Plaintiffs The Estate of Bernard Victorianne by and through its successor-in-interest Zelda Victorianne, Bernard Victorianne II, and Zelda Victorianne, and the Motion to Dismiss (ECF No. 15) filed by Defendants County of Sand Diego and William Gore.

21
22
23

## BACKGROUND

24
25
26
27
28

On September 11, 2014, Plaintiffs The Estate of Bernard Victorianne by and through its successor-in-interest Zelda Victorianne, Bernard Victorianne II, and Zelda Victorianne initiated this action by filing the Complaint against Defendants County of San Diego and William Gore.  (ECF No. 1).  Plaintiffs' Complaint alleges seven causes of action including: (1) deliberate indifference to serious medical needs; (2) wrongful

death; (3) right of association; (4) failure to properly train; (5) failure to properly supervise and discipline; (6) failure to properly investigate; and (7) *Monell* municipal liability civil rights action.  (ECF No. 1).

On November 7, 2014, Defendants County of San Diego and William Gore filed the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12 (b)(6).  (ECF No. 15).  On November 7, 2014, Plaintiff filed a response.  (ECF No. 17).

On the same day, Plaintiffs filed the Ex Parte Motion to Amend the Complaint. (ECF No. 18).  On November 24, 2014, Defendants filed an opposition to Plaintiffs' Ex Parte Motion to Amend.  (ECF No. 24). On December 1, 2014, Plaintiffs filed a reply. (ECF No. 28).

**CONTENTIONS OF PARTIES**

Plaintiffs contend that the filing of the First Amended Complaint will cause no prejudice to any party.  Plaintiffs contend that the filing of the First Amended Complaint will cause no delay because discovery in the case has not yet begun. Plaintiffs contend that "[o]n November 7, 2014, Defendants filed a Motion to Dismiss, asserting that Defendant William Gore is sued in his official capacity and that Zelda Victorianne does not have standing to maintain a suit on behalf of the Estate of Bernard Victorianne." (ECF No. 18 at 3).  Plaintiffs contend that in order "[t]o obviate the need for fruitless litigation, Plaintiffs now move ex parte for leave to file the First Amended Complaint which makes explicit that Defendant Gore is sued in his individual capacity and that the Estate of Bernard Victorianne maintains its action through Zelda Victorianne as the successor-in-interest." *Id*.

Defendants contend that the ex parte motion for leave to file the amended complaint should be denied because the amendment attempts to circumvent state court jurisdiction over late claim relief, it is futile and imposes a prejudice on defendants.

**DISCUSSION**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with

14cv2170WQH-BLM

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion to Amend the Complaint and all related filings, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Defendants' Motion to Dismiss, addressing the First Amended Complaint, will become moot after Plaintiff files the second amended complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

//
//
//
//
//
//

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend the Complaint is GRANTED. (ECF No. 18). Plaintiff shall file the First Amended Complaint within ten days of the date this Order is filed. The Motion to Dismiss the Complaint (ECF No. 15) is DENIED as moot.

DATED: January 30, 2015

**WILLIAM Q. HAYES**
United States District Judge