EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

R. STAN MORRIS
CARTEE & MORRIS, LLC
2325 Henry Street
Guntersville, AL 35976

Attorneys for Plaintiffs, the Estate of Bernard Victorianne, Bernard Victorianne II, and Zelda Victorianne

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
(Hon. William Q. Hayes)

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>　　　　Plaintiffs,<br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, and DOES 1 - 50,<br><br>　　　　Defendants. | CASE NO. 14-cv-02170-WQH-BLM<br><br>**DECLARATIN OF GRACE JUN IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **MOTION TO HOLD DEFENDANTS' MOTION TO DISMISS AND TO STRIKE PARTS OF THE FIRST AMENDED COMPLAINT IN ABEYANCE** |

I, GRACE JUN, being duly sworn, hereby declare:

1. I am an attorney at the law firm Iredale and Yoo, APC, licensed to practice in the State of California. We represent all plaintiffs in the above-referenced case. I make the following declaration based on my personal knowledge and, if called upon as a witness, I could and would competently testify thereto.

2. Currently pending before the court is a discovery dispute between the parties. Defendants have refused to provide records regarding the Internal Affairs investigation into the death of Bernard Victorianne, asserting the official information privilege and other objections. Without such information, Plaintiffs are unable to identify Doe defendants and determine the actions, or failures to act, of each individual.

3. Defendants have refused to provide relevant jail policies and procedures, which Plaintiffs require to make specific allegations against Defendants Gore, Hall, and Does.

4. Despite repeated requests by Plaintiffs, Defendants have not provided dates for depositions of critical witnesses in this case. Only Defendant Hall has been deposed.

5. Plaintiffs have no information or documentation related to Defendants' failure to provide the Victorianne family accurate information regarding the circumstances of Bernard Victorianne's death and the deliberate withholding of such relevant information from the family. Through their pending motion to dismiss Plaintiffs' first amended complaint (FAC), Defendants seek to dismiss Plaintiffs' tort claims under state law, claiming that Plaintiffs failed to timely file a government tort claim pursuant to California law. Plaintiffs' counsel believe that resolution of the discovery dispute will produce relevant material regarding the deliberate withholding of information regarding the circumstances of Bernard Victorianne's death from Bernard's mother and

father, which affected their ability to comply with California government tort claim provisions.

6. On March 5, 2015, I contacted Ricky Sanchez, counsel for Defendants, to discuss Defendants' pending motion to dismiss and strike portions of Plaintiffs' FAC. I informed Mr. Sanchez that Plaintiffs would seek a court order holding Defendants' motion in abeyance pending resolution of the parties' discovery dispute and the filing of Plaintiffs' second amended complaint (SAC).

7. Mr. Sanchez informed me that he would oppose Plaintiffs' motion because he believed that Plaintiffs' SAC would neither moot nor address the substance of Defendants' arguments in their pending motion to dismiss. He further informed me that Defendants' would bring a motion to dismiss Plaintiffs' SAC.

8. As Mr. Sanchez has stated that he intends to bring a motion to dismiss Plaintiffs' SAC, Plaintiffs' counsel believe that it would be in the interest of judicial economy to take Defendants' motion to dismiss the FAC off-calendar, hold Defendants' motion in abeyance, and permit Plaintiffs to file the SAC, which would render moot Defendants' pending motion to dismiss and strike. Resolution of the discovery dispute will produce information, which will allow Plaintiffs to supplement their complaint and address the issues raised in Defendants' motion to dismiss.

///
///
///
///
///
///
///
///

9. After the filing of Plaintiffs' SAC, Defendants may file any responsive pleadings or Rule 12 motion(s) and Plaintiffs will respond to such pleadings or motions at that time. Thereafter, the Court may efficiently, in one instance, resolve all disputes related to Plaintiffs' operative complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of March 2015 in San Diego, California.

_____
GRACE JUN