THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4874, Fax: (619) 531-6005
E-mail: ricky.sanchez@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William Gore, and Leslee Hall

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, in his individual capacity; LESLEE HALL, and individual; DOES 1 - 50,<br><br>　　　　Defendants. | No. 14-cv-2170-WQH (BLM)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO HOLD IN ABEYANCE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:  None assigned |

On September 19, 2012, Bernard Victorianne, III, was found deceased in his cell at the San Diego Central jail.  The cause of death was methamphetamine toxicity.  He had been in custody since September 12, 2012.  The decedents' parents, Zelda Victorianne and Bernard Victorianne, II, maintain this lawsuit asserting, for themselves, claims for interference with familial relations and wrongful death; and Zelda Victorianne, as successor in interest to decedent, asserts decedent's surviving claims.

Previously, in response to the original complaint, the then only named defendants County of San Diego and William Gore filed a motion to dismiss. (ECF No. 15).

No. 14-cv-2170-WQH (BLM)

Because the only allegations in the original complaint against the Sheriff pertained to official capacity matters, the defendants moved to dismiss the Sheriff as duplicative of the municipal federal civil rights claim against the County.  Before the hearing on that motion, plaintiffs filed an ex parte motion seeking leave to file an amended complaint to clearly allege claims against the Sheriff in his individual capacity, to add state tort claims, to add as a defendant Leslee Hall, a detective assigned to the investigation of the circumstances of decedent's death, and to clarify that Zelda Victorianne was also bringing claims as decedent's successor in interest.  (ECF No. 18.)  The court granted plaintiff's ex parte motion to amend, which made defendants' motion to dismiss moot. (ECF No. 36.)

But the first amended complaint plaintiffs filed did not allege facts showing any basis for personal liability of the Sheriff.  Plaintiffs only added the legal conclusory phrase "in his individual capacity" following Sheriff Gore's name  in the caption.  Leslee Hall was added as a defendant although she had no involvement with decedent during his incarceration, and owed no duty to plaintiffs that could give rise to any claim against her. And with respect to the tort claims added in the first amended complaint, plaintiffs provided no factual basis to rebut the fact that they failed to timely comply with the Government Code claims filing requirements.  Defendants thus moved for dismissal of the first amended complaint. (ECF No. 42-1.)  Now plaintiffs move ex parte for an order to hold in abeyance defendant's motion to dismiss their first amended complaint.  (ECF No. 50.)

The asserted ground for their request is that a discovery dispute has kept plaintiffs from ascertaining the identity and conduct of Doe defendants.  On the contrary, as evidenced by plaintiffs' motion to amend the litigation scheduling order (ECF No. 47) and motion for discovery of the Internal Affairs investigation of four deputies who worked in the jail during the shift immediately preceding the discovery of decedent's body (ECF 58), plaintiffs know the deputies' names, and that the investigation into the circumstances of decedent's death was parsed out to two divisions within the Sheriff's

1 | Department, the Homicide Division and Internal Affairs Division. Furthermore,
2 | plaintiffs have already received the full report of the Homicide Division. Plaintiffs
3 | appear to believe that upon receipt of the Internal Affairs part of the investigation they
4 | will be able to make more specific allegations against Defendants Gore, Hall, and Doe
5 | defendants in a second amended complaint so that defendants' motion to dismiss the first
6 | amended complaint would be rendered moot. (ECF 47.)
7 | Plaintiffs' ex parte request to hold defendants' motion to dismiss in abeyance
8 | should be denied. The questions raised by defendants' motion to dismiss the first
9 | amended complaint are questions of law that cannot be cured by discovery of the Internal
10 | Affairs investigation records.
11 | As to the Sheriff, the question presented is whether personal liability can be
12 | imposed on a municipal policy maker for the official capacity act of adopting a municipal
13 | policy. All allegations against the Sheriff concern his alleged adoption of policies; that is
14 | official capacity matters. Plaintiffs have not and do not contend that even with the
15 | Internal Affairs records they will be able to allege facts that the Sheriff knew, met,
16 | interacted with decedent or his parents, or that he had knowledge of decedent so as to
17 | have instructed anyone to render or withhold medical services from decedent, or to ignore
18 | decedent's need for medical services, or to harm him in any fashion. Plaintiffs only
19 | argue that they may be able to make more policy based allegations. Thus, the question
20 | remains as to whether personal liability can be imposed on a municipal policy maker for
21 | the official capacity act of adopting a municipal policy. This cannot be so for all the
22 | reasons stated in defendants' moving and reply papers on their motion to dismiss the first
23 | amended complaint. (ECF Nos. 42-1, 55.)
24 | As to Leslee Hall, no amendment can cure the legal insufficiency of the claims
25 | against Ms. Hall because there no claim for deficient police investigation under state law,
26 | and Ms. Hall owed no constitutional duty to plaintiffs to conduct the investigation of the
27 | death to plaintiffs' satisfaction or for their use.
28 | / / /

And as concerns the timeliness of the tort claims plaintiffs desire to pursue, that analysis will not turn on the facts ascertained by Internal Affairs' investigation into the four deputies' conduct, but rather on the plaintiffs' conduct upon learning of the death and the steps they undertook to pursue a claim. Plaintiffs' first amended complaint contains no factual allegation regarding when and what efforts plaintiffs made to submit a claim within six months of the death as was required by Government Code section 911.2(a).

## CONCLUSION

Based on the foregoing, plaintiffs' ex parte motion to hold in abeyance a ruling on defendants' motion to dismiss the first amended complaint should be denied.

DATED: March 27, 2015        THOMAS E. MONTGOMERY, County Counsel

By: /s/RICKY R. SANCHEZ, Senior Deputy
Attorneys for Defendants County of San Diego, William Gore, and Leslee Hall