1

2    2015 JUN -1 PM 1:53

3

4

5

6    # UNITED STATES DISTRICT COURT

7    ## SOUTHERN DISTRICT OF CALIFORNIA

8

9    THE ESTATE OF BERNARD          CASE NO. 14cv2170-WQH-
     VICTORIANNE by and through its   BLM
10   successor-in-interest ZELDA
     VICTORIANNE, BERNARD            ORDER
11   VICTORIANNE II, and ZELDA
     VICTORIANNE,
12
                        Plaintiffs,
13       vs.
14   COUNTY OF SAN DIEGO,
     WILLIAM GORE, and DOES 1 - 50,
15
                        Defendants.
16   HAYES, Judge:

17       The matters before the Court are the Plaintiffs' Ex Parte Motion to Amend the

18   Complaint (ECF No. 72), the Plaintiffs' Ex Parte Application to File Second Amended

19   Complaint Under Seal (ECF No. 73), Defendants' Motion to Dismiss and Strike Parts

20   of the FAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) (ECF No.

21   42), and Plaintiffs' Ex Parte Motion to Hold Defendants' Motion to Dismiss and Strike

22   Parts of the FAC in Abeyance (ECF No. 50).

23   ## I.    Background

24       On September 11, 2014, Plaintiffs, The Estate of Bernard Victorianne by and

25   through its successor-in-interest Zelda Victorianne, Bernard Victorianne II, and Zelda

26   Victorianne initiated this action by filing the Complaint against Defendants County of

27   San Diego and William Gore. (ECF No. 1). Plaintiffs' Complaint asserts the following

28   claims for relief: (1) deliberate indifference to serious medical needs, 42 U.S.C. section

                                        - 1 -                    14cv2170-WQH-BLM

1983; (2) wrongful death, 42 U.S.C. section 1983; (3) right of association, 42 U.S.C. section 1983; (4) failure to properly train, 42 U.S.C. section 1983; (5) failure to properly supervise and discipline, 42 U.S.C. section 1983; (6) failure to properly investigate, 42 U.S.C. section 1983; and (7) *Monell* municipal liability civil rights action, 42 U.S.C. section 1983. (ECF No. 1).

On February 9, 2015, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF No. 37). Plaintiffs' FAC asserts three additional claims: (1) wrongful death California Code of Civil Procedure 377.60 *et seq.*; (2) negligence; and (3) violation of California Civil Rights section 52.1.

On February 23, 2015, Defendants filed the Motion to Dismiss and Strike Parts of the FAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (ECF No. 42). On March 10, 2015, Plaintiffs filed a response in opposition of Defendants' motion. (ECF No. 53). On March 16, 2015, Defendants filed a reply. (ECF No. 55).

On March 5, 2015, Plaintiffs filed the Ex Parte Motion to Hold Defendants' Motion to Dismiss and Strike Parts of the FAC in Abeyance. (ECF No. 50). On March 27, 2015, Defendants filed a response in opposition to Plaintiffs' motion. (ECF No. 61).

On April 30, 2015, Plaintiffs filed a Second Ex Parte Motion to Amend the Scheduling Order requesting a deadline of May 11, 2015 to file a motion for leave to file a second amended complaint. (ECF No. 68). On May 6, 2015, Defendants filed an opposition to the motion. (ECF No. 70). On May 8, 2015, United States Magistrate Judge Barbara L. Major issued an order stating that "[h]ere, the Court finds good cause to GRANT Plaintiffs' motion. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on May 11, 2015. All remaining dates and deadlines set forth in the Court's December 17, 2014 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 31] are hereby VACATED pending a ruling on the pending motion to dismiss [ECF No. 42] and soon-to-be-file motion to amend the pleadings." (ECF No. 71 at 2-3).

1    On May 11, 2015, Plaintiffs filed the Ex Parte Motion to Amend the Complaint
2    along with an attached proposed second amended complaint. (ECF No. 72).  On the
3    same day, Plaintiffs filed the Ex Parte Application to File Second Amended Complaint
4    Under Seal. (ECF No. 73). On May 20, 2015, Defendants filed a response opposing
5    Plaintiff's Ex Parte Motion to Amend the Complaint. On May 22, 2015, Defendants
6    filed a Conditional Non-Opposition to Plaintiffs' Ex Parte Motion to File Second
7    Amended Complaint Under Seal. (ECF No. 79). On May 22, 2015, Plaintiffs' filed
8    a reply in support of the Ex Parte Motion to Amend the Complaint. (ECF No. 80).

9    **II.    DISCUSSION**

10   **A.    Ex Parte Motion to Amend the Complaint (ECF No. 72)**

11   Defendants contend that Plaintiffs' motion causes confusion and prejudice.
12   Defendants contend that the "piecemeal approach Plaintiffs are using in this matter
13   with multiple complaint submissions is potentially prejudicial to all defendants, current
14   and prospective, who have the right to challenge a complaint directed against them, to
15   formulate their respective defenses and to fully participate in discovery that all parties
16   may conduct." (ECF No. 77 at 4).

17   Plaintiffs contend that there is no prejudice and no delay that can result from the
18   filing of a second amended complaint. Plaintiffs contend that the denial of the filing
19   of the amended complaint would result in substantial harm to Plaintiffs. Plaintiffs
20   contend that because Defendants withheld critical information regarding Bernard's
21   death, Plaintiffs did not become aware of the exact nature of the medical staff's
22   misconduct until they received discovery.

23   Federal Rule of Civil Procedure 15 provides: "A party may amend its pleading
24   once as a matter of course...." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may
25   amend its pleading only with the opposing party's consent or the courts leave." Fed.
26   R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 mandates that leave to amend
27   "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be
28   applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1  1048, 1051 (9th Cir. 2003) (quotation omitted).  In determining whether to allow an

2  amendment, a court considers whether there is "undue delay," "bad faith," "undue

3  prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S.

4  178, 182 (1962).  "Not all of the [*Foman*] factors merit equal weight.... [I]t is the

5  consideration of prejudice to the opposing party that carries the greatest weight."

6  *Eminence Capital*, 316 F.3d at 1052 (citation omitted).  "The party opposing

7  amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*,

8  833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of

9  the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of

10  granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

11      After review of the Ex Parte Motion to Amend the Complaint and the filings of

12  the parties, the Court concludes that Defendants have not made a sufficiently strong

13  showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor

14  of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.  The Court will

15  defer consideration of any challenge to the merits of the proposed second amended

16  complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212

17  F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of

18  challenges to the merits of a proposed amended pleading until after leave to amend is

19  granted and the amended pleading is filed.").  The Ex Parte Motion to Amend the

20  Complaint is granted.

21      **B.    Ex Parte Application to File Second Amended Complaint Under Seal**

22         **(ECF No. 73)**

23      Plaintiffs move the court for an order permitting Plaintiffs to file portions of the

24  proposed second amended complaint under seal.  Plaintiffs assert that they have

25  redacted portions of the second amended complaint that address any discipline of

26  County officials. Plaintiffs explain that they "do not believe that the redacted portions

27  of the second amended complaint are subject to the protective order currently in

28  place...," but "those are typically areas that are designated privileged and confidential."

1   (ECF No. 73 at 2). Defendants do not oppose Plaintiffs filing portions of the proposed
2   second amended complaint under seal.

3       "Historically, courts have recognized a 'general right to inspect and copy public
4   records and documents, including judicial records and documents.'" *Kamakana v. City*
5   *and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.*
6   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, there
7   is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut.*
8   *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at
9   1178-79. The right of access to judicial records is a common law right. *See Foltz*, 331
10  F.3d at 1135. "A narrow range of documents is not subject to the right of public access
11  at all because the records have 'traditionally been kept secret for important policy
12  reasons.'" *Kamakana*, 447 F.3d at 1178 (quoting *Times Mirror Co. v. United States*,
13  873 F.2d 1210, 1219 (9th Cir. 1989)). The Ninth Circuit has identified two categories
14  of documents that fall into this category: grand jury transcripts and warrant materials
15  in the midst of a pre-indictment investigation. *Id.*

16      "A party seeking to seal a judicial record then bears the burden of overcoming
17  this strong presumption by meeting the compelling reasons standard. That is, the party
18  must articulate compelling reasons supported by specific factual findings ... that
19  outweigh the general history of access and the public policies favoring disclosure, such
20  as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at
21  1178-79 (citations and quotation marks omitted). "The factors relevant to a
22  determination of whether the strong presumption of access is overcome include the
23  'public interest in understanding the judicial process and whether disclosure of the
24  material could result in improper use of the material for scandalous or libelous
25  purposes or infringement upon trade secrets.'" *Hagestad v. Tragesser*, 49 F.3d 1430,
26  1434 (9th Cir. 1995) (quoting *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir.
27  1990)); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons'
28  sufficient to outweigh the public's interest in disclosure and justify sealing court

1   records exist when such 'court files might have become a vehicle for improper

2   purposes,' such as the use of records to gratify private spite, promote public scandal,

3   circulate libelous statements, or release trade secrets."). "[T]he court must

4   'conscientiously balance [ ] the competing interests' of the public and the party who

5   seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

6   "After considering these interests, if the court decides to seal certain judicial records,

7   it must 'base its decision on a compelling reason and articulate the factual basis for its

8   ruling, without relying on hypothesis or conjecture.'" *Kamakana*, 447 F.3d at 1179

9   (quoting *Hagestad*, 49 F.3d at 1434).

10       The presumed right to access to court proceedings and documents can be

11   overcome "only by an overriding right or interest 'based on findings that closure is

12   essential to preserve higher values and is narrowly tailored to serve that interest.'"

13   *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990)

14   (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)).

15       In Plaintiffs' Ex Parte Application to File Second Amended Complaint Under

16   Seal, Plaintiffs specifically state that "Plaintiffs do not believe that the redacted

17   portions of the second amended complaint are subject to the protective order currently

18   in place...." (ECF No. 73 at 2). Plaintiffs further state that "[w]hile Plaintiffs do not

19   believe the standard has been met, as a precaution, Plaintiffs respectfully move this

20   Court for an order permitting Plaintiffs to file the Second Amended Complaint under

21   seal." *Id* at 3. The Court finds Plaintiffs have failed to meet their burden of

22   overcoming the strong presumption in favor of access to court records by meeting the

23   compelling reasons standard. Plaintiffs' Ex Parte Application to File Second Amended

24   Complaint Under Seal is denied.

25   ///

26

27

28

- 6 -

III.   **Conclusion**

IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Motion to Amend the Complaint (ECF No. 72) is GRANTED and Plaintiffs' Ex Parte Application to File Second Amended Complaint Under Seal is DENIED. Plaintiffs' shall file the attached proposed Second Amended Complaint no later than ten (10) days from the date this order is issued with the caption "Second Amended Complaint."

IT IS FURTHER ORDERED that Defendants Motion to Dismiss and Strike Parts of the FAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) (ECF No. 42) and Plaintiffs' Ex Parte Motion to Hold Defendants' Motion to Dismiss and Strike Parts of the FAC in Abeyance (ECF No. 50) are DENIED as moot.

DATED:   5/3-/15

_____
**WILLIAM Q. HAYES**
United States District Judge