LOTZ, DOGGETT & RAWERS, LLP
JEFFREY S. DOGGETT, State Bar No. 147235
LAUREN E. HARDISTY, State Bar No. 258531
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone (619) 233-5565
Facsimile  (619) 233-5564

Attorneys for Defendant, ZVJEZDAN NUHIC, M.D.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest, ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, in his individual capacity; PATRICK GARDNER, an individual, LESLEE HALL, an individual, EDMUNDO GARCIA, an individual, LAUDENTE GALLEGOS, an individual, GUYNEMER ALMAZAN, an individual, DEPUTY FLORES, an individual, DEPUTY LIEN, an individual, KEITH RUSSELL, an individual, ARTHUR AYALA, an individual, KENNETH RICHTER, an individual PETER HUANG, an individual, ZVJEZDAN NUHIC, an individual, ELLEN GABEL, an individual, AILEEN LONGNO, an individual, REBECCA SIVILAY, an individual, CORAZON ROQUE, an individual, DEBORAH BELL, an individual, BRUCE LEICHT, an individual, EARL GOLDSTEIN, an individual, and DOES 1-50,<br><br>Defendants. | CASE NO.: 14-cv-2170-WQH (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZVJEZDAN NUHIC, M.D.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge       :  Hon. William Q. Hayes<br>Courtroom : 14B<br>Date          :  August 24, 2015<br><br>JURY TRIAL IS REQUESTED<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii, iii

I. INTRODUCTION ............................................................................................. 2

II. AUTHORITY ..................................................................................................... 3

III. PLAINTIFFS FAIL TO STATE A CLAIM
FOR VILATION OF 42 U.S.C. §1983 ............................................................. 4

      A. PLAINTIFFS' FIRST CAUSE OF ACTION FAILS
          TO STATE A CLAIM AS TO DR. NUHIC............................... 4

      B. PLAINTIFFS' SECOND CAUSE OF ACTION
          FAILS TO STATE A CLAIM AS TO DR. NUHIC.................. 7

      C. PLAINTIFFS' THIRD CAUSE OF ACTION
          FAILS TO STATE A CLAIM AS TO DR. NUHIC.................. 8

IV. PLAINTIFFS FAIL TO STATE FACTS SUFFICIENT
TO MAINTAIN THEIR STATE LAW CAUSES OF ACTION..................... 9

      A. PLAINTIFFS' EIGHTH CAUSE OF ACTION
          FAILS TO STATE FACTS SUFFICIENT TO
          MAINTAIN THEIR CLAIM FOR WRONGFUL
          DEATH ........................................................................................ 9

      B. PLAINTIFFS' NINTH CAUSE OF ACTION
          FAILS TO STATE FACTS SUFFICIENT TO
          MAINTAIN THEIR CLAIM FOR MEDICAL
          MALPRACTICE ........................................................................ 11

V. CONCLUSION ................................................................................................ 12

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

# TABLE OF AUTHORITIES

*Federal Statutes*

Federal Rule of Civil Procedure §12(b)(1)..................................................................2

Federal Rule of Civil Procedure §12(b)(6)..............................................................2, 3

42 United States Code §1983......................................................................................4


*California Statutes*

California Civil Code §377.60......................................................................................2

California Civil Code §425.13......................................................................................3

California Civil Code §3333.1(c)(2).............................................................................9


*Case Law*

Ashcroft v. Iqbal 129 S. Ct. 1937 (2009) ....................................................................3

Balisteri v. Pacifica Police Dept. 901 F.2d 696 (9th Cir. 1990) ..................................3

Bellamy v. The Appellate Department of the Superior Court of
    Kings County (1996) 50 Cal. App. 4th 797.............................................................9

Cahill v. Liberty Mut. Insurance. Co. 80 F.3d 336 ....................................................4

Estelle v. Gamble, 429 U.S. 97 (1976) ......................................................................4

Farmer v. Brennan, 511 U.S. 825 (1994) ..................................................................6

Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002) ....................................6

Greshing v. Villiage of Lombard, III. 58 F.3d 295 (7th Cir. 1995) .............................3

Guadalupe Arroyo v. John Jay Plosay, III (2014) 225 Cal. App. 4th 279 ...............11

In re Gilead Sciences Securities Litig. 536.F3d. 1049 (9th Cir.2008) ......................3

Jones v. Johnson, 781 F.2d 769 (9th Cir. 1986) ........................................................5

Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940
    (9th Cir. 2005)..........................................................................................................4

Robbins v. City of Hanford, 2006 U.s. Dist. LEXIS 44173 .......................................9

Shorter v. Baca, 2015 U.S. Dist. LEXIS 53019 ................................................. 5, 6, 8

Lotz, Doggett & Rawers LLP
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone: (619) 233-5565

1  Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629 (S.D. Cal. 1998) ............. 3
2  Tandel v. County of Sacramento, 2015 U.S. Dist. LEXIS 35335 .......................... 5, 6
3  U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, N.2 (9th Cir. 1986) ........................3, 4
4  West v. Atkins, 487 U.S. 42 (2015) ............................................................................4

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, ZVJEZDAN NUHIC, M.D., hereby submits this memorandum of points and authorities in support of his Motion to Dismiss the First, Second, Third, Eighth and Ninth Claims for Relief in the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.

## INTRODUCTION

Bernard Victorianne was arrested on September 12, 2012 for driving under the influence. The Second Amended Complaint ("SAC") alleges the arresting officer was aware Bernard had ingested a bag of drugs just prior to his arrest. Bernard was treated at Alvarado Hospital, discharged that day, and booked at Central Jail. The SAC further alleges that jail and medical staff were aware Bernard had ingested drugs and failed to "properly monitor his medical condition or render appropriate medical care." (SAC, p.1.) Defendant, Zvjezdan Nuhic, M.D. saw Bernard <u>one time</u> on September 17, 2012 when he performed a psychological evaluation. Bernard died on September 19, 2012. (SAC, ¶¶ 58, 61.)

On June 2, 2015, Plaintiffs filed their SAC adding Dr. Nuhic, among others, as a defendant. (ECF No. 84.) The SAC contains three causes of action against Dr. Nuhic for violation of 42 U.S.C. §1983, specifically for: (1) deliberate indifference to serious medical needs; (2) wrongful death; and (3) right of association. (ECF No. 84.) The SAC also contains two state law causes of action against Dr. Nuhic for: (1) wrongful death (CCP §377.60); and (2) negligence. (ECF No. 84.)

The only factual allegation regarding Dr. Nuhic, out of the 116 allegations contained in the SAC, is that he performed a psychological evaluation and prescribed medication to Bernard on September 17, 2012. (SAC, ¶35.) Defendant moves to dismiss the SAC because Plaintiffs have failed to allege any viable federal constitutional or state law claims related to Dr. Nuhics treatment of Bernard.

Defendant further moves to dismiss the claim for punitive damages pursuant to California Code of Civil Procedure §425.13.

## II.

## AUTHORITY

A motion filed under Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. Dismissal is proper pursuant to F.R.Civ.P. 12(b)(6) if here is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a congnizable legal theory." Balisteri v. Pacifica Police Dept. 901 F.2d 696, 699 (9th Cir. 1990), Greshing v. Villiage of Lombard, III. 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-plead factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co. 80 F.3d 336, 337-338. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litig. 536 F.3d. 1049, 1055 (9th Cir. 2008) (citation omitted.)

The Supreme Court in Ashcroft v. Iqbal 129 S. Ct. 1937, 1949 (2009) stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged...The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

The Court "will dismiss any claim that, even when construed in the light most favorable to a plaintiff, fails to plead sufficiently all required elements of a cause of action." Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998). Further, the Court "need not assume the truth of legal conclusion case in the form of factual allegations." U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643. n.2

1  (9¹h Cir. 1986). The Court is not required to all Plaintiff an attempt to amend where "it
2  is clear that the complaint could not be saved by an amendment." Livid Holdings Ltd.
3  v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

### III.
### PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. §1983

Plaintiffs allege three causes of action for violation of 42 U.S.C. §1983 against Dr. Nuhic for: (1) deliberate indifference to serious medical needs; (2) wrongful death; and (3) right of association, causes of action one through three, respectively. Plaintiffs are impermissibly attempting to convert a claim for medical malpractice/wrongful death into multiple constitutional violations. It is well established that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiffs' SAC contains only one factual allegation against Dr. Nuhic. Plaintiffs allege that on September 17, 2012, Dr. Nuhic performed a psychological evaluation of Bernard. Dr. Nuhic "observed that Bernard appeared to be 'internally preoccupied' talking to himself while lying on the cell floor." Dr. Nuhic prescribed Bernard medication and scheduled a follow-up visit in 2 to 3 days. (SAC, ¶¶35, 125, 130.)

"To prove violation under §1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depriviation was committed by a person acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (2015). As set forth below, Plaintiffs fail to allege facts sufficient to establish Dr. Nuhic violated Bernard's rights. Furthermore, Plaintiffs fail to allege any facts from which an inference can be drawn that Dr. Nuhic was acting under the color of state law. As such, Plaintiffs' 42 U.S.C. §1983 causes of action should be dismissed.

A.   **Plaintiffs' First Cause of Action Fails to State a Claim as to Dr. Nuhic**

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

1  Plaintiffs' first cause of action for deliberate indifference to a serious medical
2  need alleges Defendants, including Dr. Nuhic, violated Bernard's Fourteenth
3  Amendment right to medical care. (SAC, ¶118.) As to Dr. Nuhic Plaintiffs allege he
4  "did nothing to provide medical care to Bernard Victorianne for his obvious symptoms
5  of overdose." (SAC, ¶125.) Plaintiffs further allege the healthcare provider defendants,
6  including Dr. Nuhic, "failed to comply with professional and legal standards in the
7  treatment of Bernard Victorianne's serious medical condition by failing to provide
8  appropriate assessment and evaluation, and failing to ensure appropriate treatment" and
9  by "discharging [him] from medical to general population and/or administrative
10 segregation without finding that Bernard Victorianne no longer required evaluation and
11 treatment, and without ensuring that appropriate treatment was provided." (SAC,
12 ¶¶133-134.) Further, the healthcare defendants"failed to ensure necessary hospital-
13 level treatment despite his obvious medical need." (SAC, ¶135.) Such allegations, all
14 which sound in negligence, are legal conclusions and need not be accepted as true by
15 this Court.

16  At the time of his incarceration, Bernard was a pretrial detainee, not a convicted
17 prisoner. (See generally, SAC.) As a pretrial detainee, Bernard's constitutional claims
18 "arise from the <u>due process clause of the fourteenth amendment</u> and not from the <u>eighth
19 amendment</u> prohibition against cruel and unusual punishment." <u>Jones v. Johnson</u>, 781
20 F.2d 769, 771 (9th Cir. 1986). "The <u>Due Process Clause</u> requires that persons in
21 custody have the established right to not have officials remain deliberately indifferent
22 to their serious medical needs." <u>Tandel v. County of Sacramento</u>, 2015 U.S. Dist.
23 LEXIS 35335. Despite arising from the fourteenth amendment, Plaintiffs' claim for
24 deliberate indifference to a serious medical need is analyzed under the eighth
25 amendment standard of deliberate indifference. <u>Shorter v. Baca</u>, 2015 U.S. Dist.
26 LEXIS 53019. "In order to establish a plausible claim for failure to provide medical
27 treatment, Plaintiff must plead facts sufficient to permit the Court to infer that (1)
28

Plaintiff had a 'serious medical need,' and that (2) **individual Defendants were 'deliberately indifferent' to that need**. Tandel v. County of Sacramento, 2015 U.S. Dist. LEXIS 35335. **Emphasis** added.

Plaintiffs' first cause of action alleges that "Defendants knew that Bernard Victorianne faced a serious medical or mental health need." (SAC, ¶ 119.) However, to satisfy the two prong test set forth in Tandel, Plaintiffs must plead both serious medical need <u>and</u> deliberate indifference. "To establish deliberate indifference, the plaintiff must show both (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Shorter v. Baca, 2015 U.S. Dist. LEXIS 53019. Plaintiffs have not alleged facts sufficient to establish either element of deliberate indifference on behalf of Dr. Nuhic.

Dr. Nuhic saw Bernard on September 17, 2012. (SAC, ¶125.) He performed a <u>psychological evaluation</u> and diagnosed Bernard with unspecified psychosis. (SAC, ¶125.) Dr. Nuhic prescribed Ativan, Benadryl and Haldol to treat Bernard. (SAC, ¶125.) Dr. Nuhic, a Board Certified Psychiatrist, saw Bernard for his psychiatric needs. He diagnosed Bernard's psychiatric condition and provided psychiatric medications. It is impossible to infer from these facts that Dr. Nuhic purposefully failed to respond to Bernard's medical needs.

For an individual defendant, like Dr. Nuhic, to be liable under the fourteenth amendment for denying necessary medical care, Plaintiff must plead facts sufficient to establish the defendant knew "of and disregard[ed] an excessive risk to [decedent's] health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must be **both** aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, **and he must also draw that inference.**" Id. **Emphasis** added. "If a person should have been aware of the risk, but was not, then the standard of deliberate indifference **is not satisfied no matter how severe the risk.**" Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). Plaintiffs have not satisfied

1  their burden. Dr. Nuhic evaluated, diagnosed and he prescribed medication consistent
2  with his diagnosis to Bernard. There are no allegations that Dr. Nuhic was aware
3  Bernard had ingested methamphetamine. Plaintiff has failed to allege facts sufficient
4  to establish Dr. Nuhic was deliberately indifferent to Bernard.

5  Plaintiffs have failed to allege facts sufficient to establish there was any harm
6  caused by Dr. Nuhic's treatment of Bernard. In fact, the allegations in the SAC are to
7  the contrary. On September 18, 2012, the day after Bernard was seen by Dr. Nuhic, he
8  was evaluated by Defendant Gabel. (SAC, ¶ 37.) Dr. Gabel determined Bernard was
9  not experiencing any medical problems and administered no care. (SAC, ¶ 37.)
10 Plaintiff was also evaluated by Defendants Huang and Bell. Defendants Huang and
11 Bell gave Bernard Haldol, Ativan and Benadryl. They released Bernard from Medical
12 so he could be placed in solitary at which point he was monitored by the deputy
13 defendants. (SAC, ¶¶ 38-61.) Even had Dr. Nuhic acted with deliberate indifference
14 to Bernard's medical needs, Plaintiffs cannot establish the alleged indifference because
15 there is no causal relationship between the care provided by Dr. Nuhic and Bernard's
16 death. As such, Plaintiffs' first cause of action as to Dr. Nuhic must be dismissed.

17 **B.   Plaintiffs' Second Cause of Action Fails to State a Claim as to Dr. Nuhic**

18 Plaintiffs' second cause of action for wrongful death is essentially a reiteration
19 of their first cause of action with the additional allegation that Defendants, including
20 Dr. Nuhic, "knew that Bernard Victorianne was dying of drug toxicity but failed to
21 render aid or transport him to the hospital." (SAC, ¶154.) Plaintiffs' wrongful death
22 claim is redundant and inadequately plead. Plaintiffs' wrongful death claim is subject
23 to the "deliberate indifference" standard set forth above.

24 Plaintiffs' additional allegation that Dr. Nuhic knew Bernard was dying of drug
25 toxicity is not sufficient to maintain their second cause of action against Dr. Nuhic.
26 Plaintiffs must still allege facts that establish "(a) a purposeful act or failure to respond
27 to a prisoner's pain or possible medical need and (b) harm caused by the indifference."
28

CASE No: 14-cv-2170-WQH   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZVJEZDAN NUHIC, M.D.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT   -7-

Shorter v. Baca, 2015 U.S. Dist. LEXIS 53019. Again, as set forth above, there is no evidence that Dr. Nuhic intentional failed to respond to Bernard's medical needs. Plaintiff's allegation that Dr. Nuhic knew Bernard was dying of drug toxicity is a legal conclusion masquerading as a fact. This allegation is essentially what Plaintiffs need to prove to win this lawsuit and should not be accepted as true. There are no facts to support the allegation that Dr. Nuhic knew Bernard was dying of drug toxicity.

Plaintiffs have failed to plead facts sufficient to establish any harm was caused by Dr. Nuhic's action or inaction. As set forth above, Bernard was evaluated by three medical professionals the day after he was seen by Dr. Nuhic. (SAC, ¶¶ 38-42.) On September 18, 2012, Defendant Gabel determined Bernard was not experiencing any medical problems and administered no care. (SAC, ¶ 37.) Since Bernard was free of medical problems on September 18, 2012, the care provided by Dr. Nuhic on September 17, 2012 cannot be causally related to Bernard's death. As such, Plaintiffs second cause of action should be dismissed.

### C. Plaintiffs' Third Cause of Action Fails to State a Claim as to Dr. Nuhic

Plaintiffs' third cause of action for right of association alleges Bernard was deprived of his "right under the United States Constitution to be free from cruel and unusual punishment; denial of medical care; and denial of due process." (SAC, ¶159.) Plaintiffs further allege that as a result of the deprivation of Bernard's rights, Defendants "destroyed the Constitutional rights of Bernard's parents, Zelda and Bernard Victorianne III, to the society and companionship of their son which is protected by the substantive due process clause of the Fourteenth Amendment." (SAC, ¶162.)

Plaintiffs' claim for loss of society and companionship of their son are predicated on the alleged unconstitutional conduct of defendants. "Where a claim for interference with familial relationships is integrally predicated upon, or intertwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was

CASE No: 14-cv-2170-WQH    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZVJEZDAN NUHIC, M.D.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT    -8-

constitutional generally will preclude recovery for interference with familial relationship." Robbins v. City of Hanford, 2006 U.S. Dist. LEXIS 44173, *14. Since Plaintiffs have failed to allege facts sufficient to support their first and second causes of action against Dr. Nuhic, their third cause of action must be dismissed.

## IV.

## PLAINTIFFS FAIL TO STATE FACTS SUFFICIENT TO MAINTAIN THEIR STATE LAW CAUSES OF ACTION

California Civil Code §3333.1(c)(2) defines professional negligence as "a negligent act or omission to act by a healthcare provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restrictions imposed by the licensing agency or licensed hospital." The test for professional negligence is "whether the negligent act occurred in the rendering of services for which the health care provider is licensed." Bellamy v. The Appellate Department of the Superior Court of Kings County (1996) 50 Cal. App. 4th 797, 806. Plaintiffs' claims for medical malpractice and wrongful death as they relate to Dr. Nuhic are analyzed by the same standard and are duplicative.

### A. Plaintiffs' Eighth Cause of Action Fails to State Facts Sufficient to Maintain Their Claim for Wrongful Death

As it relates to Dr. Nuhic, Plaintiffs allege he performed a psychological evaluation of Bernard on September 17, 2012. Dr. Nuhic "observed that Bernard appeared to be 'internally preoccupied' talking to himself while lying on the cell floor." Dr. Nuhic prescribed Bernard medication and scheduled a follow-up visit in 2 to 3 days. (SAC, ¶35.) Plaintiffs then generically allege that Defendants, including Dr. Nuhic, "denied Bernard Victorianne access to necessary medical attention; placed him in administrative segregation instead of transporting him to the hospital; failed to

conduct proper cell checks and left him face-down, naked on the floor." (SAC, ¶276.) "These acts resulted in the death of Bernard Victorianne." (SAC, ¶276.)

      These facts are insufficient to maintain a cause of action for wrongful death as to Dr. Nuhic. Plaintiffs have not alleged any negligent act or omission on behalf of Dr. Nuhic. The only factual allegation related Dr. Nuhic is that he treated Bernard on September 17, 2102, as stated above. Plaintiffs fail to allege any facts which establish or from which an inference can be drawn that any action by Dr. Nuhic was casually related to Bernard's death. There are no factual allegations to support an inference that the care provided by Dr. Nuhic was negligent or in any way caused Bernard's death. The majority of Plaintiffs' allegations as to Dr. Nuhic are legal conclusions unsupported by fact.

      Plaintiffs' eighth cause of action attributes Bernard's death to the following actions: (1) denial of access to medical care, (2) placed him in administrative segregation instead of transporting him to the hospital, (3) failed to conduct proper cell checks and left him face-down, naked on the floor of his cell. (SAC, ¶276.) The only interaction Dr. Nuhic had with Bernard was to provide medical care on September 17, 2012. Dr. Nuhic was not Bernard's jailor and thus could not have denied him access to medical care. Dr. Nuhic had no control over the medical care received by Bernard. Dr. Nuhic did not place Bernard in administrative segregation. As stated in the SAC, Bernard was transported by Deputies to administrative segregation. (SAC, ¶44.) Dr. Nuhic was not responsible for performing cell checks, nor did he leave Bernard naked on the cell floor. As alleged in the SAC, those actions were also performed by the Deputies. (SAC, ¶¶45-61.) Plaintiffs have alleged that the foregoing actions were the proximate cause of Bernard's death. Their specific factual allegations attribute each causal allegation to a defendant other than Dr. Nuhic. Plaintiffs' own SAC establishes that there is no causal relationship between Dr. Nuhic and Bernard's death. As such,

Plaintiffs' eighth cause of action for wrongful death should be dismissed as to Dr. Nuhic.

### B. Plaintiffs' Ninth Cause of Action Fails to State Facts Sufficient to Maintain Their Claim for Medical Malpractice

Plaintiffs' ninth cause of action alleges Dr. Nuhic, among multiple other defendants, "failed to render medical care" (SAC, ¶282.) and "improperly, negligently, wrongfully and recklessly failed to take any action to summon or help transport Bernard Victorianne to the hospital despite repeated notations in the medical records regarding symptoms of overdose; discharge documents from Alvarado hospital and visible outward signs of toxicity." (SAC, ¶283.) Plaintiffs' generic allegations and legal conclusions are contradicted by the specific factual allegation related to Dr. Nuhic, which establishes that he did in fact provide medical care. There are no facts, nor are there facts sufficient to support an inference, that Bernard expressed to Dr. Nuhic that he was experiencing pain or required hospitalization. (SAC, ¶35.) The factual allegations are not sufficient to establish Dr. Nuhic's treatment of Bernard fell below the standard of care.

In order to maintain their cause of action for medical negligence against Dr. Nuhic, Plaintiffs must plead and prove a causal relationship between Dr. Nuhic's treatment of Plaintiff and his injuries. There is no evidence Dr. Nuhic's treatment of Bernard was causally related to his death. As stated above, Plaintiffs' SAC contains specific factual allegations that Bernard's death was related to the actions of other Defendants. "The term 'professional negligence' encompasses actions in which 'the injury for which damages are sought is directly related to the professional services provided by the health care provider' or directly related to 'a matter that is an ordinary and usual part of medical professional services.'" [Citations omitted]. Guadalupe Arroyo v. John Jay Plosay, III (2014) 225 Cal App. 4th 279, 297.

1  Bernard died <u>two days after he was seen by Dr. Nuhic</u>. During those two days, Bernard was seen by three other healthcare providers and <u>found to have no medical issues whatsoever</u>. (SAC, ¶¶36-42.) He was given Haldol, Ativan and Benadryl by Defendants Huang and Bell. (SAC, ¶41.) He was placed in administrative segregation by the deputy defendants. (SAC, ¶42.) He was checked multiple times by the deputy defendants. (SAC, ¶¶45-58.) On September 19, 2012, in violation of policy, deputy defendants noted Bernard was not moving but failed to obtain a verbal or physical acknowledgment that Barnard was okay. (SAC, ¶¶58-60.) Bernard died hours after he was checked by the deputy defendants. (SAC, ¶61.) The foregoing facts clearly establish Bernard's death was not proximately caused by the treatment provided by Dr. Nuhic. As such, Plaintiffs' ninth cause of action for medical negligence should be dismissed with prejudice.

## V.

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be dismissed as to Dr. Nuhic.

DATED: July 14, 2015　　　　　　　　LOTZ, DOGGETT & RAWERS, LLP


By: /s/
LAUREN E. HARDISTY, ESQ.
Attorneys for Defendant,
ZVJEZDAN NUHIC, M.D.