**LOTZ, DOGGETT & RAWERS, LLP**
**JEFFREY S. DOGGETT, State Bar No. 147235**
**LAUREN E. HARDISTY, State Bar No. 258531**
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone (619) 233-5565
Facsimile  (619) 233-5564

Attorneys for Defendants, ZVJEZDAN NUHIC, M.D., KENNETH RICHTER, M.D. and PETER HUANG, M.D.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest, ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, in his individual capacity; PATRICK GARDNER, an individual, LESLEE HALL, an individual, EDMUNDO GARCIA, an individual, LAUDENTE GALLEGOS, an individual, GUYNEMER ALMAZAN, an individual, DEPUTY FLORES, an individual, DEPUTY LIEN, an individual, KEITH RUSSELL, an individual, ARTHUR AYALA, an individual, KENNETH RICHTER, an individual PETER HUANG, an individual, ZVJEZDAN NUHIC, an individual, ELLEN GABEL, an individual, AILEEN LONGNO, an individual, REBECCA SIVILAY, an individual, CORAZON ROQUE, an individual, DEBORAH BELL, an individual, BRUCE LEICHT, an individual, EARL GOLDSTEIN, an individual, and DOES 1-50,<br><br>Defendants. | CASE NO.: 14-cv-2170-WQH (BLM)<br><br>**REPLY IN SUPPORT OF PETER HUANG, M.D.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge     :   Hon. William Q. Hayes<br>Courtroom :   14B<br>Date      :    |

**COMES NOW**, Defendant, PETER HUANG, M.D., and hereby submits this Reply Brief in support of its Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6).

## I.

## **INTRODUCTION**

Plaintiffs have alleged the following facts with respect to Dr. Huang: On September 18, 2012, Dr. Huang reviewed Bernard's medical records and determined that his behavior might be consistent with seizures. (SAC, ¶¶36, 39.) He further noted that Bernard was scared and agitated and may be suffering from the effects of bath salts. (SAC, ¶36.) Bernard reported that something was burning his insides. (SAC, ¶40.) Based on his review of the medical records and symptoms Bernard reported, Dr. Huang, a board-certified psychiatrist, prescribed Haldol, Ativan, and Benadryl. (SAC, ¶41.) Dr. Gabel and Dr. Huang released Bernard from medical and he was placed in administrative segregation. (SAC, ¶¶ 42-43.) The remainder of the allegations against Dr. Huang are either generic to all defendants, superceded by the foregoing facts or are legal conclusions which should not be accepted as true.

Even assuming Dr. Huang was aware Bernard had ingested methamphetamine six days prior, the facts alleged are not sufficient to maintain Plaintiffs' causes of action against Dr. Huang. The jail was in a combined care setting where Bernard was receiving medical and psychiatric care. The SAC provides ample facts for this Court to determine Bernard was receiving medical care from others and Dr. Huang's duty to the Bernard was <u>only</u> to provide psychiatric treatment following his medical clearance. (SAC, ¶37.) Additionally, there is no reason for Dr. Huang to suspect that any ingestion of methamphetamine would remain in his system six days after his arrest.

Plaintiffs' Opposition relies heavily on the discharge instructions from Alvarado Hospital in support of their position that Bernard should have been transported back to Alvarado Hospital. Plaintiffs' SAC <u>does not</u> allege that the discharge instructions from Alvarado Hospital were incorporated into the jail medical records or that Dr. Huang was even aware of the discharge instructions.

1  Even if Dr. Huang was aware of the discharge instructions, as Plaintiffs point
2  out, the instructions are to "get prompt medical attention" for signs of agitation,
3  anxiety, seizure, excess drowsiness, or inability to be awakened. (SAC, ¶122.)
4  Plaintiffs fail to appreciated that Bernard <u>did get prompt medical attention</u>. Dr. Gabel
5  is a physician. She provided Bernard with medical attention. Bernard was evaluated
6  by several nurses in jail. They provided medical attention. Dr. Huang is a psychiatrist.
7  He provided Bernard with medical attention. There is no requirement that Bernard be
8  transported back to Alvarado Hospital when he was receiving medical attention at the
9  jail.

## II.

## **PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. §1983**

Plaintiffs' Opposition argues that an inference can be drawn from the circumstantial evidence in this case that Dr. Huang knew of the risk of substantial harm from the very fact that it was obvious. The first 69 factual allegations in Plaintiffs' SAC establish just the opposite. The condition could not be so obvious that Dr. Huang was aware of the substantial risk of harm when not one medical professional treating Bernard attributed his symptoms to methamphetamine overdose. His condition is not obvious because Alvarado Hospital cleared Bernard and Dr. Huang is entitled to rely on the fact that Alvarado Hospital would not send Bernard to jail with a bag of methamphetamine in his stomach.

Doctors do not just decide not to treat patients suffering from methamphetamine overdose if they are aware of its occurrence. Common sense dictates that if this was such an obvious diagnosis, it would have been made and Bernard would have received treatment. Plaintiffs theory that Dr. Huang knew Bernard was suffering from methamphetamine overdose and just decided not to treat him is not plausible and is not supported by the multitude of medical records quoted in the SAC.

Plaintiffs' Opposition adds facts in support of their argument that are not contained in the SAC. Plaintiffs argue that Bernard was brought to Medical on a stretcher "because he could not care for himself and he was dying." The basis for his transport to Medical on a stretcher is speculative and not contained in the SAC. They argue that "Bernard's medical chart was full of warnings regarding drug overdose." Other than the discharge instructions from Alvarado Hospital which Dr. Huang may not have seen, there are no allegations in the SAC about overdose warnings. Despite argument to the contrary, there are no allegations in the SAC that the medication prescribed by Dr. Huang was "unnecessary." Lastly, the SAC is clear that "deputies transported Bernard on a gurney," which had nothing to do with Dr. Huang. (SAC, ¶44.) Plaintiffs cannot add facts in support of their Opposition that are not contained in the SAC.

### III.

### PLAINTIFFS FAIL TO STATE FACTS SUFFICIENT TO MAINTAIN THEIR STATE LAW CAUSES OF ACTION

The analysis of Plaintiffs' Eighth and Ninth causes of action for Wrongful Death and Medical Negligence are the same. In both causes of action, Plaintiffs have failed to allege that the care and treatment provided by Dr. Huang fell below the standard of care. Plaintiffs simply allege that Defendants failed to provide Bernard access to necessary medical attention. There is no allegation that Dr. Huang was negligent. (SAC, ¶¶274-279, 280-303.) Plaintiffs argue that access to a physician is meaningless if the physician is not competent, but there are <u>no allegations in the SAC that Dr. Huang was not competent</u>. There are no allegations that the other medical staff were not competent or fell below the standard of care. These allegations are essential to Plaintiffs' causes of action for Wrongful Death and Medical Negligence.

## IV.

## **CONCLUSION**

Based upon the foregoing and Dr. Huang's moving papers, the Second Amended Complaint should be dismissed with prejudice.

DATED: October 6, 2015                   LOTZ, DOGGETT & RAWERS, LLP


By: _____/s/_____
     **LAUREN E. HARDISTY, ESQ.**
     Attorneys for Defendant,
     ZVJEZDAN NUHIC, M.D.,
     KENNETH RICHTER, M.D. and
     PETER HUANG, M.D.