EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

R. STAN MORRIS
CARTEE & MORRIS, LLC
2325 Henry Street
Guntersville, AL 35976

Attorneys for Plaintiffs, the Estate of Bernard Victorianne, Bernard Victorianne II, and Zelda Victorianne

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(Hon. William Q. Hayes)**

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>　　　　　Plaintiffs,<br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, *et al*.,<br><br>　　　　　Defendants. | CASE NO. 14-cv-02170-WQH-BLM<br><br>**PLAINTIFFS'** ***EX PARTE*** **MOTION FOR A THIRTY-DAY EXTENSION TO SERVE PROCESS ON DEFENDANT ELLEN GABEL** |

1  Plaintiffs THE ESTATE OF BERNARD VICTORIANNE by and through
2  its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE
3  II, and ZELDA VICTORIANNE (hereinafter "Plaintiffs") pursuant to Rules 4(m)
4  and 6(b)(1) of the Federal Rules of Civil Procedure, move for a 30-day extension
5  of time to serve process on Defendant Ellen Gabel through December 30, 2015 in
6  order to comply with the substituted service of process procedures set forth in the
7  California Code of Civil procedure.
8  Rule 4(m) permits a district court to grant an extension of time when the
9  Plaintiff shows good cause for the delay. *Mann v. Am.Airlines* 324 F.3d 1088, 1090
10 n.2 (9th Cir. 2003).  District courts have broad discretion to extend time for service
11 under Rule 4(m) and the 120-day time period for service "operates not as an outer
12 limit subject to reduction, but as an irreducible allowance."  Factors such as
13 prejudice to the defendant, actual notice of the lawsuit, and eventual service may
14 be considered in determining whether to grant an extension.  *Troxell v. Fedders of*
15 *N. Am., Inc.,* 160F.3d 381, 383 (7th Cir. 1998).  Good cause means a valid reason
16 for delay. *Varela v. Velez*, 814 F.2d 821, 823 (1st Cir. 1987); *Hibernia Nat'l Bank*
17 *v. Carner*, 758 F. Supp. 382, 386 (M.D. La. 1991); *see also* FED. R. CIV. P. 4
18 Committee Notes (1993 amendment); *Wilson v. Transworld Systems, Inc*., Case
19 No. 5:00-CV-135-OC-10, 2000 WL 1310658 (MS. Fla Sept. 1, 2000 (extending
20 time to serve complaint where good cause shown by plaintiff.)
21 Fed. R. Civ. P. 4(e)(1) states that service of summons may be completed by
22 "following state law for serving a summons in an action brought in courts of
23 general jurisdiction in the state where the district court is located or where service
24 is made." California Code of Civil Procedure section 415.2(a) and (b) provides for
25 substituted service of process in lieu of personal delivery on a person's home,
26 business, or mailing address.  "Statutes governing substitute service shall be
27 liberally construed to effectuate service and uphold jurisdiction if actual notice has
28

been received by the defendant." *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (4th Dist. 2001).

As set forth in the attached Declaration of Grace Jun, on October 9, 2015, Plaintiffs' process server, Kern Legal Services, served Defendant Gabel's mother, a person over the age of 18, with a copy of the summons and second amended complaint at 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367.  Defendant Gabel is aware of the complaint as she retained counsel at the law firm Neil Dymott and counsel received a copy of Plaintiffs' complaint.  Counsel for Defendant Gabel is unable to accept service on her behalf.  A skip trace conducted on Defendant Gabel on November 25, 2015 indicates that her current residence and/or mailing address remains 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367.  On November 25, 2015, pursuant to CCP §415.2(a) and (b), counsel for Plaintiffs sent a copy of the summons and second amended complaint to the Woodland Hills address.  Pursuant to section 415.2(a) and (b), service will be deemed complete on the tenth day after mailing, which will be December 6, 2015.

The Court's order of October 1, 2015 extended the time to serve Defendant Ellen Gabel by sixty-days to November 30, 2015.  Because service of process will be deemed complete on December 6, 2015 pursuant to the provisions of CCP § 415.2(a) and (b), Plaintiffs seek an additional thirty (30) day extension of time to serve Defendant Ellen Gabel.

Good cause exists for the extension because Plaintiffs waited to determine whether counsel for Defendant Gabel could accept service on her behalf.  At the time Plaintiffs filed their motion for service by publication (ECF no. 143), Plaintiffs were not sure if the Woodland Hills address was a current mailing address.  Defendant Gabel's retention of counsel, however, and counsel's receipt of the complaint indicates to Plaintiffs that the Woodland Hills address where Defendant Gabel's mother was served is a correct and valid mailing address.

Because counsel for Defendant Gabel is not able to accept service on her behalf, Plaintiffs seek to avail themselves of the substituted service provisions of CCP § 415.2(a) and (b). There is no prejudice to Defendant Gabel as she is aware of Plaintiffs' complaint and is represented by counsel. The prejudice to Plaintiffs, however, is great. Should the Court decline to grant Plaintiffs' request for an extension of time to serve Defendant Gabel, the Court will dismiss Plaintiffs' complaint as to Defendant Gabel without prejudice. The statute of limitations has now run on all of Plaintiffs' claims. Thus, Plaintiffs' claims against Defendant Gabel for the wrongful death of Bernard Victorianne will be time barred and Plaintiffs will be foreclosed from prosecuting their claims.

WHEREFORE, the Plaintiffs request that this Court enter an Order granting a 30-day extension of time to serve process on Defendant ELLEN GABEL through December 30, 2015.

Respectfully submitted,

IREDALE AND YOO, APC

Dated: November 25, 2015

s/ *Grace Jun*
EUGENE IREDALE
JULIA YOO
GRACE JUN
*Attorneys for PLAINTIFFS*