1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13

THE ESTATE OF BERNARD
VICTORIANNE by and through its
successor-in-interest ZELDA
VICTORIANNE, BERNARD
VICTORIANNE III, and ZELDA
VICTORIANNE,

CASE NO. 14cv2170-WQH-BLM

ORDER

Plaintiffs,

14
15

v.

COUNTY OF SAN DIEGO et al.,

16

Defendants.

17

HAYES, Judge:

18

The matter before the Court is the Amended Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 149) filed by Defendant Ellen Gabel, M.D.

19

## I. Background

20
21
22
23

On September 11, 2014, Plaintiffs initiated this action by filing a Complaint. (ECF No. 1). On February 9, 2015, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF No. 39). On June 2, 2015, Plaintiffs filed the Second Amended Complaint ("SAC"), which is the operative pleading in this case. (ECF No. 82).

24
25
26
27
28

On September 30, 2015, Plaintiffs filed a motion for a sixty-day extension to serve process on Defendant Gabel. (ECF No. 140). On October 1, 2015, the Court entered an Order granting the motion for a sixty-day extension to serve Defendant Gabel. (ECF No. 141). On October 30, 2015, Plaintiffs filed a motion for service by publication and a three-day extension of time to serve process on Defendant Gabel.

- 1 -                    14cv2170-WQH-BLM

1  (ECF No. 143).  On November 23, 2015, the Court entered an Order denying the

2  motion for service by publication.  (ECF No. 144).  On November 25, 2015, Plaintiffs

3  filed a motion for a thirty-day extension to serve process on Defendant Gabel.  (ECF

4  No. 145).  On November 30, 2015 the Court entered an Order granting the motion for

5  a thirty-day extension to serve Defendant Gabel.  (ECF No. 146).

6      On December 21, 2015, Plaintiffs filed a proof of service for Defendant Gabel.

7  (ECF No. 147).  Attached to the proof of service, Plaintiffs filed the "Declaration of

8  Grace Jun Re: Service of Process on Defendant Ellen Gabel."  (ECF No. 147-1).

9      On January 11, 2016, Defendant Ellen Gabel filed a motion to dismiss.  (ECF No.

10  148).  On January 11, 2016, Defendant Ellen Gabel filed the amended motion to

11  dismiss.[1]  (ECF No. 149).  On February 2, 2016, Plaintiffs filed an opposition to the

12  amended motion to dismiss.  (ECF No. 150).  On February 5, 2016, Defendant Ellen

13  Gabel filed a reply.  (ECF No. 152).

14  **II.  Facts**

15      The undisputed facts regarding Plaintiffs attempts to serve process on Defendant

16  Ellen Gabel are set forth in the declaration of Grac Jun, counsel for Plaintiffs, attached

17  to Plaintiffs' proof of service.   Plaintiffs attempted to serve Defendants at two

18  addresses: 18737 Rangeland Road, Ramona, California 92065 (the "Ramona address")

19  and 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367 (the

20  "Woodland Hills address").  (ECF No. 147-1, Decl. of Grace Jun ¶ 2).  The Ramona

21  address "was ascertained through a search of the Medical Board of California's online

22  database of licensed physicians . . . ."  *Id.* ¶ 3.  "According to the California Medical

23  Board, Dr. Ellen Gabel renewed her license on September 30, 2014, listing 18737

24  Rangeland Road, Ramona, CA 92065 as her current address."  *Id.* ¶ 4.

25      "On July 26, 2015 at 2:30 p.m., Lauren Friedenberg attempted to serve Ellen

26  ─────────────────

27  [1] The amended motion to dismiss makes one change to the first-filed motion to
dismiss.  The first-filed notice of motion to dismiss includes "[Fed. R. Civ. P. 12(b)(6)]"
in the caption while the amended notice of motion to dismiss includes "[Fed. R. Civ.

28  P. 12(b)(5)]" in the caption.  The memorandum of points and authorities for both
motions is identical.  The first-filed motion to dismiss (ECF No. 148) is denied as moot.

Gabel" at the Ramona address.  *Id.* ¶ 5.  "Because the address was within a gated community, Ms. Friedenberg was unable to enter."  *Id.* ¶ 6.  "Advanced Attorney Services attempted to serve Ellen Gabel on July 24, 2015 at 6:30 a.m., but could not secure access."  *Id.* ¶ 8.  Advanced Attorney Services attempted to serve Ellen Gabel on July 25, 2015, July 27, 2015, and July 28, 2015, and on all of these dates "Advanced Attorney Services was able to enter the premises, but was unable to gain access to the front door."  *Id.* ¶¶ 9-11.  "Advanced Attorney Services attempted to serve Ellen Gabel for a final time on July 30, 2015 at 3:00 p.m.  Advanced Attorney Services was able to enter the premises and the process server spoke with Ellen Gabel's neighbor. According to Ellen Gabel's neighbor, Sally Quenette, Ellen Gabel moved to Australia and was not returning."  *Id.* ¶ 12.

On September 16, 2015, an employee from the law firm representing Plaintiffs "conducted a skip trace search on Ellen Gabel, and found the following mailing and/or residential address for Defendant Gabel: 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367."  *Id.* ¶ 16.

On September 17, 2015, September 18, 2015, September 19, 2015, September 20, 2015, September 24, 2015, September 27, 2015, October 1, 2015, and October 4, 2015, Kern Legal Services attempted to serve Ellen Gabel at the Woodland Hills address.  *Id.* ¶¶ 18-23, 26-27.  The building callbox at the Woodland Hills address listed Ellen Gabel as the resident of Unit 113.  *Id.* ¶ 18.

"On October 9, 2015, at 5:37 p.m., Kern Legal Services attempted to serve Ellen Gabel at [the Woodland Hills address] and Defendant Ellen Gabel's mother answered the door and stated that Defendant Gabel moved to Australia three years ago and is now temporarily living in New Zealand.  Dr. Ellen Gabel's mother did not provide a forwarding address."  *Id.* ¶ 28.

On November 4, 2015, Matthew Souther, an attorney at the firm Neil Dymott, contacted Grace Jun on behalf of Defendant Gabel.  *Id.* ¶ 29.  The declaration of Grace Jun states that

Mr. Souther informed me that Ms. Gabel is currently residing in Australia and New Zealand.  Mr. Souther further informed me that he had received a copy of the second amended complaint because Ms. Gabel's mother had been served with the complaint.  I asked Mr. Souther if he was authorized to accept service on behalf of Ms. Gabel.  Mr. Souther stated he would make an inquiry to determine whether he was able to accept service on Defendant Gabel's behalf.

*Id.* ¶ 29.  The declaration of Grace Jun states, "On November 25, 2015, I spoke again to Mr. Souther.  Mr. Souther informed me that he was unauthorized to accept service on behalf of Defendant Gabel.  *Id.* ¶ 30.

The declaration of Grace Jun states,

At the time that Plaintiffs brought their motion to serve Ellen Gabel by publication (ECF No. 143), Plaintiffs were not certain that the Woodland Hills address was Defendant Gabel's current mailing address.  Defendant Gabel's retention of counsel, however, and counsel's receipt of the second amended complaint, indicated to me that the Woodland Hills address was a valid mailing address.

On November 25, 2015, in order to determine Defendant Gabel's presence in California, I again searched the California Medical Board's website to ascertain Defendant Gabel's current address . . . . The California Medical Board continued to list Defendant Gabel as a licensed physician whose address of record is 18737 Rangeland Road, Ramona, CA 92065.

On November 25, 2015, I conducted another skip trace on Ellen Gabel to determine her current mailing address or residence.  The results of the skip trace indicated that an 'active address' for Ms. Ellen Francine Gabel was 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367.

*Id.* ¶¶ 32-34.  The declaration of Grace Jun states, "On November 25, 2015, I mailed a copy of the summons and second amended complaint via first-class mail, postage prepaid to 21650 Burbank Boulevard, Unit 113, Woodland Hills, California 91367." *Id.* ¶ 35.

On December 10, 2015, Chris Barger and Ellen Marks, two staff members from the law firm representing Plaintiffs, attempted to personally serve Defendant Gabel at the Ramona address but there was no answer at the door.  *Id.* ¶ 38.  On December 11, 2015, Barger and Marks again attempted to serve Defendant Gabel at the Ramona address.  *Id.* ¶ 39.  "A Hispanic woman, 5'4" tall, with long black hair, appearing to be in her 40s, answered and opened the door. Mr. Barger and Ms. Marks explained the summons and Second Amended Complaint for Ellen Gabel to the woman and provided

the woman with a copy of the summons and Second Amended Complaint.  The woman identified herself as Veronica Sharro Mataro." *Id.* ¶ 39.  "On December 11, 2015, Chris Barger mailed a copy of the summons and the Second Amended Complaint, addressed to Ellen Gabel, by first-class mail, postage prepaid, to 18737 Rangeland Road, Ramona, CA 92065." *Id.* ¶ 40.

The declaration of Grace Jun that "On December 21, 2015, [the date the declaration regarding service on Defendant Gabel was filed], I again conducted a search of Ellen Gabel through the Medical Board of California's online database of licensed physicians . . . . The Medical Board continues to list the [Ramona address] as Ellen Gabel's current address." *Id.* ¶ 41.

## III.  Legal Standard

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move to dismiss the complaint for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  Once a party challenges service, the plaintiff bears the burden to show that service was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  The court has discretion to dismiss an action or quash service if there is insufficiency of process or insufficiency of service.  *See SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the choice between dismissal and quashing service of process is in the district court's discretion").

## IV.  Contentions of the Parties

Defendant Gabel contends that service was ineffective under Federal Rule of Civil Procedure Rule 4(e)(2)(B) and California Code of Civil Procedure section 415.20 because Plaintiffs failed to leave the Summons and Second Amended Complaint at Defendant Gabel's usual place of abode or mailing address.  Defendant Gabel contends that Plaintiffs were informed that Defendant Gabel had moved to Australia and was temporarily residing in New Zealand, but attempted to serve Defendant Gabel at the Ramona address and the Woodland Hills address.

Plaintiffs contend that the substituted service provisions of section 415.20 of the Code of Civil Procedure and Federal Rule of Civil Procedure 4(e)(1) were fully complied with and Defendant Gabel was properly served at the Ramona address and Woodland Hills address. Plaintiffs contend that information obtained from a skip trace indicated that the Ramona address and the Woodland Hills address were Defendant Gabel's mailing addresses and/or residences. Plaintiffs contend that the California Medical Board listed Defendant Gabel's Ramona address as her current address and Plaintiffs were entitled to rely on that information Plaintiff is legally mandated to accurately provide. Plaintiffs contend that the callbox at the Woodland Hills address "listed Ellen Gabel as the resident of Unit 113." (ECF No. 150 at 5). Plaintiffs contend that Defendant Gabel's counsel contacted Plaintiff's counsel after service at the Woodland Hills address, indicating that Defendant Gabel had actual notice of Plaintiff's Second Amended Complaint.

**V. Discussion**

Federal Rule of Civil Procedure 4(e)(1) allows service by any means permitted by the law of the state in which the case is pending, or the state in which the Defendant resides. Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure Section 415.20(b),

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Code Civ. Pro. § 415.20.

"Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be

made." *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992); (quoting *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988)). "Substituted 'abode' service . . . is widely regarded as an effective way to give actual notice to a defendant." *Espindola*, 199 Cal. App. 3d at 1393.

Process statutes "should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 778 (1973) (quoting the report of the Judicial Council of Cal.'s Special Com. on Jur. (Nov. 25, 1968) pp. 14-15). "[T]he question of service should be resolved by considering each situation from a practical standpoint . . . . The liberal construction rule . . . [eliminates] unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings." *Id.* (quotation omitted). "Litigants have the right to choose their abodes; they do not have the right to control who may sue them or serve them by denying them physical access." *Bein*, 6 Cal. App. 4th at 1393. "[A] 'defendant will not be permitted to defeat service by rendering physical service impossible.'" *Id.* (quoting *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013 (1990).

Defendant Gabel relies on *Robinson v. Hanrahan*, 409 U.S. 38 (1972) to support her position that service was not properly effected. In *Robinson*, the Supreme Court of the United States held that notice was not proper because the State knew that appellant did not have access to the notice of pending forfeiture proceedings mailed to his home address because appellant was in custody and appellant did not receive actual notice. *Id.* at 39-40. The Court held that the State's effort to provide notice did not constitute "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 40. Unlike the State in *Robinson*, who knew that the appellant was in custody and did not have access to mail sent to his home address, Plaintiffs in this case reasonably relied on information that Defendant Gabel did reside and/or receive mail at the Ramona and Woodland Hills

1  addresses.  *See id.*  Unlike the appellant in *Robinson*, Defendant Gabel received actual
2  notice of the summons and Second Amended Complaint.  *See id.*

3      In this case, Plaintiffs made numerous attempts to serve Defendant Gabel at
4  addresses reasonably believed to be Defendant Gabel's residences.  After each of these
5  attempts was unsuccessful, substituted service was appropriate.  *See Bein*, 6 Cal. App.
6  4th at 1391-92.

7      Plaintiffs reasonably relied on information from Defendant Gabel's medical
8  license registration with the California Medical Board to support their conclusion that
9  the Ramona address was a proper mailing and/or residential address for Defendant
10  Gabel.  Pursuant to section 1303 of Title 16 of the California Code of Regulations,
11  Defendant Gabel, as a licensed physician, is required to file a "proper and current
12  mailing address" with the California Medical Board and "shall immediately notify the
13  division at its office of any and all changes of mailing address . . . ."  16 CCR § 1303.
14  Defendant Gabel renewed her license on September 30, 2014, listing the Ramona
15  address as her proper mailing address.  (ECF No. 147-1 ¶ 4).  Through at least
16  December 21, 2015, the date Plaintiffs filed the declaration regarding service of process
17  on Defendant Gabel, the Medical Board continued to list the Ramona address as
18  Defendant Ellen Gabel's current address.  *Id.* ¶ 41.  At the Ramona address, a process
19  server left the summons and Second Amended Complaint with the woman who opened
20  the door, after the process server explained that the documents were intended for
21  Defendant Gabel.  The woman who accepted the summons and Second Amended
22  Complaint at the Ramona address was "a person apparently in charge."  *See* Code Civ.
23  Pro. § 415.20(b).

24      Plaintiffs reasonably relied on information from a skip trace and the callbox at
25  the Woodland Hills address listing Ellen Gabel as a resident to support their conclusion
26  that the Woodland Hills address was a proper mailing and/or residential address for
27  Defendant Gabel.  At the Woodland Hills address, Plaintiffs left the summons and
28  Second Amended Complaint with Defendant Gabel's mother, who was "a competent

member of the household or a person apparently in charge." *See* Code Civ. Pro. § 415.20(b).

The Court finds that Plaintiffs complied with the substituted service provisions of California Code of Civil Procedure Section 415.20(b). *See Bein*, 6 Cal. App. 3d at 1393 ("The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at physical service on a responsible person. . . . Service must be made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party.") (citations and internal quotations omitted).

Defendant Gabel does not claim that she failed to receive notice of service. Counsel for Defendant Gabel made contact with counsel for Plaintiffs, indicating that Defendant Gabel received actual notice of the lawsuit pending against her as a result of the substituted service. *See Pasadena Medi-Cetner Associates*, 9 Cal.3d at 778 (Process statutes "should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant."). The Court concludes that service was proper.

**VI. Conclusion**

IT IS HEREBY ORDERED that the amended motion to dismiss (ECF No. 149) filed by Defendant Ellen Gabel is denied.

IT IS FURTHER ORDERED that the motion to dismiss (ECF No. 148) filed by Defendant Ellen Gabel is denied as moot.

DATED:  April 18, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge