Robert W. Frank, SBN 95392
Matthew R. Souther, SBN 227910
Joanna Ryan Shippee, SBN 282553
NEIL, DYMOTT, FRANK, MCFALL,
    TREXLER, MCCABE & HUDSON
A Professional Law Corporation
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
P 619.238.1712
F 619.238.1562

Attorneys for Defendant
ELLEN GABEL, M.D.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BERNARD VICTORIANNE by and through its successor-in-interest ZELDA VICTORIANNE, BERNARD VICTORIANNE II, and ZELDA VICTORIANNE,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, I his individual capacity; PATRICK GARDNER, an individual, LESLEE HALL, an individual, EDMUNDO GARCIA, an individual, LAUDENTE GALLEGOS, an individual, GUYNEMER ALMAZAN, an individual, DEPUTY FLORES, an individual, DEPUTY LIEN, an individual, KEITH RUSSELL, an individual, ARTHUR AYALA, an individual, KENNETH RICHTER, an individual, PETER HUANG, an individual, ZVJEZDAN NUHIC, an individual, ELLEN GABEL, an individual, AILEEN LONGNO, an individual, REBECCA SIVILAY, an individual, CORAZON ROQUE, an individual, DEBORAH BELL, an individual, BRUCE LEICHT, an individual, EARL GOLDSTEIN, an individual, and DOES 1-50,<br><br>Defendants. | CASE NO. 14-cv-02170-WQH (BLM)<br><br>**DEFENDANT ELLEN GABEL, M.D.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Judge:      Hon. William Q. Hayes<br>Magistrate: Hon. Barbara Lynn Major<br>Courtroom: 14-B |

1

Defendant, ELLEN GABEL, M.D. (hereinafter "DR. GABEL") hereby answers the Second Amended Complaint as constituted following the Court's Order filed April 18, 2016 [ECF Doc. No. 162], denying the amended motion to dismiss.

1. Answering the paragraphs of the introduction set forth on pages 1 and 2 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein except DR. GABEL admits Bernard Victorianne was arrested on September 12, 2012.

2. Answering paragraph 1 of the Second Amended Complaint, DR. GABEL denies generally and specifically each and every allegation contained therein, except DR. GABEL admits jurisdiction is proper pursuant to 28 U.S.C. §1331.

3. Answering paragraph 2 of the Second Amended Complaint, DR. GABEL denies generally and specifically each and every allegation contained therein, except DR. GABEL admits venue is proper in the United States District Court for the Southern District of California.

4. Answering paragraphs 3, 4, and 6 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

5. Answering paragraph 5 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Zelda Victorianne filed a declaration with this Court.

6. Answering paragraph 7 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits the County of San Diego is a political subdivision of the State of California.

7. Answering paragraph 8 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits William Gore is the Sheriff of the County of San Diego.

8. Answering paragraphs 9, 10, and 11 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

9. Answering paragraph 12 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

10. Answering paragraph 13 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits the San Diego Central Jail is a detention facility within the County of San Diego that utilizes Sheriff deputies as staff.

11. Answering paragraphs 14 and 15 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

12. Answering paragraph 16 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 11 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

13. Answering paragraph 17 of the Second Amended Complaint, DR. GABEL admits the allegations contained therein.

14. Answering paragraph 18 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Bernard Victorianne was taken to Alvarado Hospital.

15. Answering paragraph 19 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Bernard Victorianne was booked into the County of San Diego's Central Jail on September 12, 2012.

16. Answering paragraphs 20, 37, 42, 62, 63, 65, 67, 68 and 69 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

17. Answering paragraphs 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 64, 66, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, and 116 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

18. Answering paragraph 22 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegation that Bernard Victorianne was examined by medical staff on September 13, 2012 and on that basis generally and specifically denies each and every allegation contained therein. DR. GABEL also generally and specifically denies Bernard Victorianne told staff he had come from the hospital after ingesting a baggie of methamphetamine.

19. Answering paragraph 37 of the Second Amended Complaint, DR. GABEL admits the truth of the allegations contained therein, except DR. GABEL generally and specifically denies no care was provided to Bernard Victorianne.

20. Answering paragraph 61 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Bernard Victorianne was found dead.

## FIRST CAUSE OF ACTION

21. Answering paragraph 117 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 21 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

22. Answering paragraphs 118, 119, 121, 122, 130, 131, 133, 134, 135, 136, 137, 146, 148, 149, and 150 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

23. Answering paragraphs 120, 123, 126, 127, 128, 129, 132, 138, 139, 140, 141, 142, 143, 144, 145, and 147 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

24. Answering paragraph 124 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Defendant Richter consulted Bernard Victorianne on September 16, 2012.

25. Answering paragraph 125 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations

contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits Defendant Nuhic consulted Bernard Victorianne on September 17, 2012.

26. Answering paragraph 126 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein, except DR. GABEL admits she evaluated Bernard Victorianne on September 18, 2012.

## SECOND CAUSE OF ACTION

27. Answering paragraph 151 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 26 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

28. Answering paragraphs 152, 154, 155, 156, and 157 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

29. Answering paragraph 153 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

30. Answering paragraph 158 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 29 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

31. Answering paragraphs 159, 160, 161, 162, and 163 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

32. Answering paragraph 274 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 31 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

33. Answering paragraphs 275, 276, 277, and 279 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

34. Answering paragraph 278 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

## NINTH CAUSE OF ACTION

35. Answering paragraph 280 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 34 above as though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

36. Answering paragraphs 281, 284, 285, 286, 287, 288, 289, 290, 291, 292, 294, 295, 296, 297, 298, and 303 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

37. Answering paragraphs 282, 283, 293, 299, 300, 301, and 302 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

## TENTH CAUSE OF ACTION

38. Answering paragraph 304 of the Second Amended Complaint, DR. GABEL re-alleges and incorporates by reference paragraphs 1 through 37 above as

though each were re-alleged in full pursuant to its corresponding paragraph of Plaintiffs' Second Amended Complaint.

39. Answering paragraphs 305, 306, 307, and 310 of the Second Amended Complaint, DR. GABEL lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis generally and specifically denies each and every allegation contained therein.

40. Answering paragraphs 308, 309, 311, 312, and 313 of the Second Amended Complaint, DR. GABEL generally and specifically denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

41. As a first, separate and distinct affirmative defense, defendant alleges that the Second Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

42. This answering Defendant is informed and believes and based thereon Decedent, Bernard Victorianne, failed to exercise ordinary and reasonable care on his own behalf at the time and place referred to in the Second Amended Complaint and that such negligence on the part Decedent proximately caused and contributed to Plaintiffs claimed injuries and damages, and that if Plaintiffs recover any sum whatsoever herein from Defendant, such sum must be diminished in proportion to the fault of Decedent.

### THIRD AFFIRMATIVE DEFENSE

43. This answering Defendant is informed and believes and based thereon alleges that all risks and dangers, if any, relating to the incident referred to in the Plaintiffs' Second Amended Complaint, had been seen, understood, recognized, fully appreciated and fully known to Decedent, Bernard Victorianne, prior to and at the

time of the incident referred to in the Second Amended Complaint, and that Decedent voluntarily accepted said risks, thereby assuming the risk of any and all injuries or damages which might or did result from the incident referred to in the Second Amended Complaint, and as such, Plaintiffs are thereby barred from any recovery herein.

### FOURTH AFFIRMATIVE DEFENSE

44. This answering Defendant is informed and believes and based thereon alleges that persons and parties other than Plaintiffs and Decedent, failed to exercise ordinary or reasonable care at the time and place referred to in the Second Amended Complaint and that such negligence on the part of said other persons or parties proximately caused and contributed to the injuries and damages of Plaintiffs and that if Plaintiffs recover any sums whatsoever herein, such amount must be diminished in proportion to the fault of said other persons or parties and such damages, if any, must be borne by said persons and parties on a pro-rata basis.

### FIFTH AFFIRMATIVE DEFENSE

45. This Defendant's responsibility, if any, to Plaintiffs, is limited pursuant to the provisions of the Fair Responsibility Act of 1986.

### SIXTH AFFIRMATIVE DEFENSE

46. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then Defendant may elect to introduce evidence of amounts paid or payable, if any, as a collateral source benefit to Plaintiffs or Decedent or their health care providers pursuant to Section 3333.1 of the California Civil Code.

### SEVENTH AFFIRMATIVE DEFENSE

47. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then the damages for non-economic losses, if any, shall not exceed the amount specified in Section 3333.2 of the California Civil Code.

## EIGHTH AFFIRMATIVE DEFENSE

48. In the event this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), this Defendant may elect to have future damages, if any, in excess of the amount specified in Section 667.7 of the California Code of Civil Procedure paid in whole or in part, as specified in said Section.

## NINTH AFFIRMATIVE DEFENSE

49. The Second Amended Complaint and each cause of action therein is barred by the statute of limitations including but not limited to Section 340.5 of the California Code of Civil Procedure and all other appropriate sections.

## TENTH AFFIRMATIVE DEFENSE

50. The actions of this Defendant are immunized from liability pursuant to Sections 2396 and 2397 of the California Business and Professions Code; and Section 1317(f) of the California Health and Safety Code.

## ELEVENTH AFFIRMATIVE DEFENSE

51. Defendant alleges that Decedent's conduct was undertaken with unclean hands, and as such Plaintiffs are estopped from pursuing their claims.

## TWELFTH AFFIRMATIVE DEFENSE

52. Defendant alleges that she is not liable by operation of Section 820.4 of the Government Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

53. Defendant alleges that she is not liable by operation of Section 820.6 of the Government Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

54. Defendant alleges that she is not liable by operation of Section 845.6 of the Government Code.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

55. Defendant alleges that she is not liable by operation of Section 855.6 of the Government Code.

WHEREFORE, said DEFENDANT prays as follows:

1. That the action be dismissed with prejudice;

2. That PLAINTIFFS take nothing by their action;

3. That DEFENDANT recovers her costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

Dated:   May 2, 2016

NEIL, DYMOTT, FRANK, MCFALL,
TREXLER, MCCABE & HUDSON
A Professional Law Corporation


By:   *s/ Matthew R. Souther*
      Matthew R. Souther
      Attorneys for Defendant
      ELLEN GABEL, M.D.
      E-mail: msouther@neildymott.com